IRA SHATTUCK *v.* PHELPS SMITH, and A. W. HYDE & PITT W. HYDE, *Trustees.* HARMON WOODRUFF, *Claimant.*

Under the trustee law a conflict of rights between different claimants, all of whom claim by assignments prior to the service of the trustee process, cannot be determined.

Hence, when a claimant claims by virtue of an assignment from the principal debtor, executed previous to the service of the trustee process, and the plaintiff claims by virtue of an assignment to himself previous to the one to the claimant, and notice of each was duly given, the court will not decide upon the respective rights of the parties, but will discharge the trustee.

The more appropriate remedy, in such case, is in a court of equity. RED-FIELD, J.

TRUSTEE PROCESS. The trustees disclosed that, in the winter of 1839—40, they became indebted on book account to the principal debtor, but the account remained unadjusted, and the precise sum due was not ascertained and agreed upon until Jan. 18, 1843, when it was fixed by the parties at $103,65, and that said sum was still due from them. That, March 17, 1841, the principal debtor gave to the plaintiff an order on the trustees for $100, of which the trustees immediately after had notice, and the said Shattuck requested them to either pay or accept said order. That they declined doing so, as the account had not then been adjusted, but repeatedly told said Shattuck that, when the account should be adjusted, they, the trustees, would pay to him whatever should be ascertained to be its amount. That on the 30th Sept. 1842, and previous to the commencement of this process, they had notice from the claimant, Woodruff, that the amount due on said account had been, by the principal debtor, assigned to him for good consideration.

The court found the facts set forth in the disclosures to be true, and that the plaintiff, Shattuck, still held the order given to him by said Smith, and that this process was commenced, as an action on book account against said Smith, previous to the adjustment of said account in Jan. 1843,—and rendered judgment that the trustees were not chargeable. Exceptions by plaintiff.

*Hyde & Peck* for plaintiff.

The proceeding under the trustee statute, in this State, is, as between different claimants, in the nature of an equitable proceeding, or a proceeding *in rem* against the fund in the hands of the trustee. The facts, in this case, show that, as between the plaintiff and Woodruff, the plaintiff is clearly entitled to the fund; al-

though the assignment to Woodruff was prior to the commencement of the trustee process, yet the plaintiff, by bringing the trustee process, does not thereby waive his prior lien. *Corser* v. *Craig*, 1 Wash. C. C. Rep. 424. Cox' Digest 322.

The order of Smith on the trustees, and the facts in connection with it, amount to such an appropriation of the fund, that the plaintiff might maintain an action against the trustees in the name of Smith; and, if the trustees are thus liable, there can be no objection to their being made chargeable in this action. The proceeding is in the nature of a bill of interpleader; *it settles all rights, and concludes all parties, and ought to be sustained.* *Graighle* v. *Notnagle,* 1 Pet. C. C. Rep. 245, Cox' Dig. 323.

By the statute, (sect. 17,) Woodruff has no right to object to the plaintiff's claim, and to become a party, except "so far as it respects his title to the goods &c. in question;" and as Shattuck's right is paramount to his, the plaintiff ought to have judgment, the same as if no adverse claimant had interposed.

, *Smalley* and *Whittemore* for claimant.

The plaintiff, having sued Smith and his trustees for the same debt on which the order upon the trustees was given by Smith to him, must be taken to have abandoned all claim upon their acceptance of that order; and, consequently, the assignment to Woodruff having been prior to the commencement of this suit, the debt due from the trustees belongs to him.

The opinion of the court was delivered by

REDFIELD, J. The only question which the court have deemed it necessary to decide in this case is, whether, after an assignment by the principal debtor of all his interest in a debt, the *priority* of title, by *assignment*, as between different assignees, can be determined in this *form* of procedure. We think not. This proceeding is but one of many modes of attaching the property of a debtor. It is specific, and strictly defined by statute. The very basis of the whole procedure is, that the *debtor* has *some interest* in the matter sought to be attached. If the trustee, or a second claimant, show such an assignment by the principal debtor, as deprives him of all attachable interest in the debt, it is no answer to such showing that

this attaching creditor had a prior *assignment.* That is only show-ing, *more fully*, that there *was* no attachable *interest* in the princi-pal debtor at the time of bringing this suit. These conflicting equities may be important to be considered, in reference to a just determination of the rights of the parties, but are more appropriate matters for the determination of a court of equity than for a court of law. We do not think it desirable, even if it-were allowable, to give this proceeding any such extension.

Judgment affirmed.