## RANDOLPH v. TANDY.

### (Circuit Court of Appeals, Fifth Circuit. January 9, 1900.)

#### No. 865.

1. GARNISHMENT—JURISDICTION—WHEN ACCOUNTING IS REQUIRED.

A federal court is not without jurisdiction at law to render judgment against a garnishee on the ground that an accounting between the garnishee and the debtor is involved, which can only be had in a court of equity, where the only question to be determined is the amount due from the garnishee to the debtor under a contract by which they were to share the net profits or a business transaction which has been fully closed, and it does not appear that such determination involves an accounting of the complicated nature which is essential to give a court of equity jurisdiction, but it merely requires a finding of the amounts advanced and the expenses paid by the garnishee under the contract, all of which are shown by his undisputed evidence.

2. SAME—SCOPE OF GARNISHEE'S LIABILITY—TEXAS STATUTE.

Under the garnishment statute of Texas (Rev. St. Tex. 1895, arts. 226, 227), which is applicable to proceedings in the federal courts in that state, and which provides that a garnishee shall not make any payment to, nor deliver any effects to, the defendant after service of the writ upon him, the rights of a plaintiff are not fixed by the status of the parties at the time the writ is served, but if the garnishee then owes any debt to, or has in his possession effects of, the defendant, to which the garnishment can attach, the court may include in its determination any further indebtedness accruing, or property coming into possession of the garnishee, by virtue of the same contract or transaction, between the time of such service and the final hearing, requiring the garnishee to file a supplemental answer, or to answer additional interrogatories, in accordance with the local practice, when necessary.

In Error to the Circuit Court of the United States for the Northern District of Texas.

On February 5, 1887, L. V. F. Randolph obtained a judgment against W. T. Hudson and others in the United States circuit court for the Northern district of Texas for $52,926.60. On June 26, 1897, Randolph's agent made affidavit in due form to obtain a writ of garnishment to A. H. Tandy. The writ was issued on June 26, 1897, and was duly served on June 29, 1897. A. H. Tandy, as garnishee, answered the writ, denying any indebtedness to Hudson, and denying that he had in his possession any of the property or effects of Hudson. He also specially answered, setting up a contract between him and Hudson by which Hudson was to purchase cattle for him with money which he was to furnish on terms as shown in the evidence hereinafter stated. On January 27, 1898, Randolph's agent made affidavit controverting the answer. Issues were tendered and joined, and on the trial the evidence tended to show that prior to June 29, 1897, a contract was entered into between the defendant, A. H. Tandy, and W. T. Hudson, by which it was agreed that said Hudson should purchase cattle for the defendant, which should be the property of the latter, with money furnished by the defendant; that the cattle should be held by the defendant until such time as he should see fit to sell the same; that all expenses of keeping and handling the cattle should be paid by the defendant; that when any of the cattle should be sold the proceeds of the sale should be devoted to the payment to the defendant of all moneys expended in the purchase of the cattle sold, and for their care, together with 10 per cent. interest on the same; that, if there should remain a profit, it should be divided equally between the defendant and W. T. Hudson, and, if there should be a loss, one-half of the loss should be borne by the defendant and one-half by said Hudson (the latter's part of such loss to be made good out of any subsequent profit he might become entitled to under the contract, he being insolvent); that in making said contract the defendant and Hudson did not intend

to become partners; that, at the time the writ of garnishment was served on the defendant, he held about 221 head of cattle purchased under the contract, and before the answer was filed he purchased other cattle under said contract; that some of the cattle had been sold prior to the filing of the answer in garnishment, and all of the cattle had been sold prior to the trial; and that, after making the deductions provided for under the contract, there remained a profit, Hudson's share of which under said contract would amount to several thousand dollars,—there having been no losses, and the transactions under said contract having been closed. The testimony which the plaintiff offered on these points consisted of the answers and depositions of the defendant, Tandy, whose evidence was the only proof offered tending to show his advances, and the expenses paid by him, and the amounts realized from the cattle. No specific item of the account between the defendant and Hudson was in conflict under the evidence. Plaintiff further offered evidence tending to show that at the time the garnishment was sued out and served he was, and at the time of the trial remained, the judgment creditor of W. T. Hudson, by virtue of a judgment obtained in the circuit court, which is still unsatisfied, to an amount of over $25,000. At the conclusion of the testimony the defendant suggested orally to the court that the evidence introduced by the plaintiff was insufficient to support an action in garnishment, on the ground that the same involved the settlement of an account in partnership, and was a controversy exclusively of equitable cognizance, which would not be adjudicated in a suit at law. The court held that the action did not involve the settlement of a partnership account, but did involve an accounting, and was therefore equitable in its nature, and could not be entertained in a suit at law. The plaintiff excepted to this action of the court. At the conclusion of the testimony the court instructed the jury peremptorily to find for the defendant. To the charge of the court instructing the jury to find for the defendant, the plaintiff excepted. The jury, as directed, returned a verdict for the defendant, A. H. Tandy, garnishee. L. V. F. Randolph brings the case to this court for review on writ of error. It is assigned as error that the court erred in instructing the jury to find for the defendant.

J. M. McCormick and Wendel Spence, for plaintiff in error.

A. T. Watts and A. J. Booty, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, after stating the case as above, delivered the opinion of the court.

This case was determined in the court below on a question of equitable jurisdiction. The case was on trial at law, and the court was of opinion that it "involved an accounting, and was therefore equitable in its nature, and could not be entertained in a suit at law." It is true that in the United States courts the distinction between common law and equity is maintained. This distinction must be observed, even if it be abolished by the code procedure of the state in which the federal court is sitting. In re Sawyer, 124 U. S. 200, 209, 8 Sup. Ct. 482, 31 L. Ed. 402; Fenn v. Holme, 21 How. 481, 16 L. Ed. 198. Many cases of accounting arise of which an equity court alone has jurisdiction. But, if the case is one of accounting only, it will be found that the complicated nature of the accounts constitutes the ground for going into equity. Kirby v. Railroad Co., 120 U. S. 130, 134, 7 Sup. Ct. 430, 30 L. Ed. 569. The bill which invokes this jurisdiction is insufficient if it only alleges that the accounts are of an intricate and complicated nature. It must descend to particulars, and state the facts showing the intricate and complex nature of the accounts. 3 Daniell, Ch. Pl. & Prac. (4th Am. Ed.) p. 1929, and note 1. It cannot be maintained that a court of

equity has jurisdiction of every action for goods sold or money advanced, where partial payments have been made, or of every contract, express or implied, where different sums of money have become due, and different payments have been made. In Fowle v. Lawrason, 5 Pet. 495, 503, 8 L. Ed. 204, Marshall, C. J., said, "Although the line may not be drawn with absolute precision, yet it may be safely affirmed that a court of chancery cannot draw to itself every transaction between individuals in which an account between parties is to be adjusted." In the absence of other matters of equitable cognizance, the unquestioned rule is that courts of equity will not take jurisdiction unless great complexity exists in the accounts. There was no evidence in the case showing any complication in the account between Tandy and Hudson. The account consisted only of amounts advanced and expenses paid by Tandy. The only other matter to be considered in the accounting is the amount realized from the sale of the cattle, and the bill of exceptions shows that Tandy's statement on this subject was accepted without other evidence. The record before us shows no such intricate and complex account as requires the interposition of a court of equity.

When the writ of garnishment was served on Tandy, he held about 221 head of cattle bought under the contract. Hudson, the purchaser, had a contingent interest in them, for he was to have one-half of the profits from the sale of the cattle. Other cattle were purchased before the garnishee answered. It is important to note that some of the cattle had been sold before the garnishee answered. One-half of the proceeds of such sale, after deducting moneys advanced by Tandy, with interest and expenses, belonged to Hudson. This was the status when the answer was filed. Before the trial all the cattle were sold. The evidence showed that after deducting advances, interest, and expenses, there remained a profit, and that under the contract Hudson's share was several thousand dollars. The transactions under the contract had been closed. Clearly, Hudson, the defendant in the judgment, could have maintained an action at law for his share of the profits remaining in Tandy's hands, for their joint trading venture was ended. This being true, the garnishee, Tandy, is indebted to Hudson in the sense of the statute authorizing garnishment. Rev. St. Tex. art. 219; Rood, Garnish. § 57. The general rule is that the liability of the garnishee is determined solely with reference to the facts as they existed when the writ was served. Id. § 49. This doctrine, however, is modified in some of the states by the garnishment statutes, and in others the courts have limited its application. "Some liability," said Chief Justice Shaw, "must exist at that time, in order to charge him; but that liability may be greatly modified, and even discharged, by subsequent events." Smith v. Stearns, 19 Pick. 20, 23. In Edgerton v. Martin, 35 Vt. 116, it was held that by the service of the writ "the plaintiffs gained the right that the goods, effects, and credits of the defendants then in the trustee's hands, as well as all collections which he should afterwards make on the demands turned out to him, should be applied on his liabilities for them, in accordance with the contract between them existing at the time the process was

served." In Insurance Co. v. West, 8 Watts & S. 350, it was held that a claim uncertain at the time of the service of the writ, but rendered certain at the time of the answer, was embraced in the levy. The Texas statutes, we think, do not confine the investigation to the status existing when the writ was served. The garnishee is to be discharged, should it appear from his answer that he is not indebted to the defendant, and was not so indebted when the writ of garnishment was served on him, and that he has not in his possession any effects of the defendant, and had not when the writ was served. Rev. St. Tex. 1895, art. 227. On and after the service of the writ of garnishment, it is not lawful for the garnishee to pay to the defendant any debt, or to deliver to him any effects. Id. art. 225. These statutes are applicable in the United States courts. Rev. St. U. S. §§ 915, 916; Railroad Co. v. Hart, 114 U. S. 654, 5 Sup. Ct. 1127, 29 L. Ed. 226. Construing the Texas statutes cited above, the supreme court of that state has held that a writ of garnishment appropriates whatever the garnishee owes at the time of his answer, as well as that owing at the service of the writ. Gause v. Cone, 73 Tex. 239, 11 S. W. 162. When necessary, we think the court can so control the making up of the issues in the case as to settle the controversy relative to the entire fund in the hands of the garnishee. Where the garnishee, after answering, receives additional funds on a contract in force when the writ was served, there can be no objection to requiring the garnishee to file a supplemental answer, or to answer additional interrogatories, as the local practice may be, so that the whole matter may be determined. The judgment of the circuit court is reversed, and the cause remanded.