DARLINGTON-MILLER LUMBER COMPANY v. NATIONAL SURETY
COMPANY ET. AL.

Decided March 31, 1904.

**1.—Garnishment—Surety Company—Deposit.**
Plaintiff, having a claim against a contractor, was not entitled to garnish a deposit which the contractor had made with a surety company as an indemnity for bonding him, where the amount which the surety company owed the contractor, after deducting commissions and attorney fees, was yet unsettled and not ascertainable.

**2.—Assignment of Deposit—Power of Attorney—Judgment.**
An assignment, by one claiming to be an attorney for a contractor, of a deposit with a surety company given as an indemnity for bonding him, to one to whom such contractor is indebted, held ineffective because the evidence supported a finding that no such power of attorney to assign was given and a finding to that effect would be involved in a general finding against the claim under the assignment.

Appeal from the District Court of Galveston. Tried below before Hon. Frank M. Spencer.

*James B. & Chas. J. Stubbs,* for appellant.

*Mart H. Royston,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—In a suit by appellant against J. M. Archer & Son to recover an indebtedness of $3650, upon the application of plaintiff a writ of garnishment was issued against the appellee, National Surety Company, on the 5th day of June, 1901.

The garnishee answered on the 17th day of October, 1901, that it had in its possession the sum of $600 which had been deposited with it by the defendants J. M. Archer & Son for the purpose of protecting said garnishee against any loss or damage which it might sustain as surety for said defendants upon a bond executed by the defendants to the Gulf, Colorado & Santa Fe Railway Company to secure the faithful performance by defendants of a building contract wherein they had undertaken to construct a building for said railway in the city of Cleburne, Texas. The answer further shows that the liability of the garnishee upon said bond had not terminated and garnishee had not been released therefrom, and prays that garnishee be not required to turn over any portion of said $600 until it shall have been released from all liability upon said bond.

On the 5th day of June, 1902, appellee Henry Hamilton intervened in this suit claiming the $600 in the hands of the garnishee under an assignment thereof executed by J. M. Archer & Son, on March 30, 1901. The intervener also pleaded that the fund in the hands of garnishee was not subject to garnishment because at the time the writ was served upon the garnishee the liability of the garnishee to the defendants was conditional and uncertain. Intervener prayed that

the garnishment be dismissed and that he have judgment for the $600 in the hands of the garnishee.

Plaintiff, by supplemental petition, joined issue by general denial and special pleading, alleging that on November 30, 1900, the defendants, J. M. Archer & Son, for a valuable consideration, made, executed and delivered to plaintiff an assignment and transfer of the $600 held by the National Surety Company, the written assignment being set out in full in the pleading. Plaintiff further alleged that it notified the National Surety Company, through its agent, of said assignment on December 14, 1900, and that notice thereof was accepted by garnishee. That this $600 had been deposited by J. M. Archer & Son, defendants, with the National Surety Company, the garnishee, for the purpose of securing and indemnifying the National Surety Company upon a bond executed by it as surety for J. M. Archer & Son. That the railway company has released the National Surety Company from further obligation on the bond and the $600 held by the surety company is now due and payable to plaintiff. That by virtue of said transfer and assignment the National Surety Company holds the $600 deposited by J. M. Archer & Son in trust for plaintiff.

The prayer is for recovery from the National Surety Company of said sum of $600 under the transfer and assignment held and owned by plaintiff.

We deduce from the record the following conclusions of fact: In November, 1900, J. M. Archer & Son, who were then indebted to appellants, in order to obtain additional credit represented to appellants that they had on deposit with the garnishee herein the sum of $600, which had been placed with said garnishee to protect it against loss as surety upon the bond of said Archer & Son which had been executed for the purpose stated in the answer of the garnishee before set out, and that as soon as they could have a settlement with the railway company, which they stated would be within the next few days, said $600 would be released and they would pay the same over to appellants. Relying upon this representation and promise appellants gave additional credit to said Archer & Son to the extent of the value of two car loads of lumber. At the time appointed A. W. Miller, appellant's president, went to Dallas to collect the $600 from the surety company. J. M. Archer, who was the senior member of his firm and had made the agreement with appellants, was not in Dallas, but the junior member of said firm was seen by Miller and stated that their attorney, Frank Pierce, had the matter in charge and would fix it up with appellant. Miller thereupon called upon Pierce and received from him the following instrument:

"Dallas, Texas, Nov. 30, 1900.—To F. B. Lord, Southern Agent, National Surety Company, Dallas, Texas: Dear Sir.—When the railroad company shall have released the bond which you gave on behalf of J. M. Archer & Son, for the construction of the Cleburne Young

Men's Christian Association building, please pay the $600 (six hundred dollars) deposited by Archer & Son, as collateral security, to the Darlington Miller Lumber Company. This is in pursuance with my power of attorney heretofore filed with you. Very truly, Frank C. Pierce, Attorney for Archer & Son."

When it became necessary for J. M. Archer & Son to make the deposit with the surety company the intervener went with said J. M. Archer to a Dallas bank and executed with him to said bank a note for $600 and secured from said bank a cashier's check for said sum. This check was indorsed to the surety company and the money collected thereon constituted the fund in controversy in this suit. When the note executed by Archer and the intervener to the bank became due it was paid by the intervener. In payment of the debt thus created J. M. Archer & Son executed and delivered to the intervener the following assignment of said deposit:

"Dallas, Texas, 30th March, 1901.—Crutcher Bros., Dallas, Texas: Gentlemen.—You will please pay to Henry Hamilton of Dallas, Texas, the six hundred dollars bond money you hold on the Y. M. C. A. job, Cleburne, Texas, from us. This shall be your receipt for same. Should you require further receipt, our attorney, Mr. F. C. Pierce, will attend to it, and oblige, truly yours, J. M. Archer & Son, by J. M. Archer."

At the time the writ of garnishment was issued there had been no settlement between J. M. Archer & Son and the railway company, and the proportion of said deposit, if any, which said Archer & Son was entitled to receive back from the surety company was uncertain and conditional. Prior to the trial in the court below the matter had been adjusted between Archer & Son and the railway company and the garnishee's claim upon said deposit released except as to $100 thereof, which amount it was agreed the garnishee was entitled to hold as commissions and attorney's fees.

On June 16, 1902, prior to rendition of the judgment herein, appellant recovered a judgment against J. M. Archer & Son for $3650, that being the full amount of indebtedness due it by said defendants. The affidavit in garnishment was made by A. W. Miller, president and manager for appellant. He testified that at the time he made the affidavit charging that the garnishee "was indebted to the defendants or had funds belonging to the defendants in its possession" he knew that the appellant had in its possession the assignment of the fund executed by Pierce as attorney for the defendant. The treasurer of the Gulf, Colorado & Santa Fe Railroad Company testified for plaintiff that during the year 1900 his company had several contracts with the defendants, and that in all matters pertaining to said contracts the defendants were represented by Frank Pierce as their attorney in fact. That said Pierce had a written power of attorney from defendants which was filed with the witness as treasurer of the railroad. That the paper

was lost, and though he had made diligent search therefor he was unable to find it.

The cause was tried in the court below without a jury, and upon the pleading and evidence above set out the trial court rendered a general judgment in favor of the intervener for $500 and against plaintiffs for all costs of the proceedings; the garnishee being adjudged entitled to retain $100 of the fund in its possession as commissions and attorneys fees in accordance with the agreement of the parties.

It is well settled that plaintiffs were not entitled to recover under their garnishment proceeding for the reason that the garnishee was not indebted to the defendant in any ascertainable amount at the time the writ was served and the answer of the garnishee filed. Waples-Platter Gro. Co. v. Railway Co., 95 Texas, 486.

Appellant does not seek a reversal of the judgment upon the ground that it was entitled to recover against the garnishee as such, but insists that the evidence shows that it held a prior assignment of the fund and was therefore entitled to recover said fund against the intervener, who claimed under a subsequent assignment.

In answer to this contention appellee insists that appellant, by suing out his writ of garnishment and thereby seeking to reach the fund in the hands of the garnishee as the property of the defendants, abandoned its claim under the assignment, and is estopped from now asserting such claim. The cases of Shattuck v. Smith, 16 Vt., 132, and Lawrence v. McKenzie, 55 N. W. Rep., 505, seem to sustain appellee's proposition. We find it unnecessary, however, to decide this question, as we are of opinion that the judgment of the court below should be affirmed upon another ground. To entitle plaintiff to recover the burden was upon it to show that the assignment under which it claimed was executed by the authority of the defendants. There is evidence in the record which if standing alone would be sufficient to sustain a finding that Pierce was authorized by the defendants to execute the assignment, but when the entire evidence is considered the trial court was justified in finding that such authority had not been shown. The general judgment in favor of the intervener includes a finding that the plaintiff did not establish the validity of his assignment, and we think the evidence in the case is sufficient to sustain this finding.

We are of opinion that the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

PLEASANTS, ASSOCIATE JUSTICE.—In our opinion in this cause filed March 31, 1904, we state that the junior member of the firm of J. M. Archer & Son informed appellant's agent (Miller) that Frank Pierce was authorized to act for said firm in making the assignment to

appellant of the fund in controversy. This statement is not borne out by the record. When Miller went to Dallas to secure this assignment he did not see either member of the firm of J. M. Archer & Son. J. P. Archer, who stated to Miller that Pierce was authorized "to fix up the matter with him," was not a member of said firm, and it is not shown what connection, if any, he had therewith.

We adhere to our former conclusion that the evidence in this case is sufficient to sustain the finding of the trial court that the assignment under which appellant claims the fund in controversy was not executed by the authority of J. M. Archer & Son, and the motion for rehearing is overruled.

*Overruled.*