FIRST STATE BANK OF ARANSAS PASS v. FUSON et al. (No. 5656.)

(Court of Civil Appeals of Texas. San Antonio. April 19, 1916. Rehearing Denied May 17, 1916.)

1. CONTRACTS ⬤=238(2) — CONSTRUCTION — MERGER OF ORAL CONTRACT.

Where an oral contract for extension of time on a mortgage is reduced to writing, it is merged in the written contract, whose terms thereafter control.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1117, 1123; Dec. Dig. ⬤=238(2).]

2. ASSIGNMENTS ⬤=34 — SUFFICIENCY — ORAL ASSIGNMENTS.

Under proper circumstances, an oral assignment of money due one of the parties might be binding between them, but not as to any one else without notice.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 67–71; Dec. Dig. ⬤=34.]

3. ASSIGNMENTS ⬤=54—VALIDITY—CONSIDERATION.

Where an assignment of moneys due one party was made under the other party's agreement to extend the time on a mortgage, but no extension was made, the assignment was without consideration.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 112; Dec. Dig. ⬤=54.]

Appeal from San Patricio County Court; M. A. Childers, Judge.

Garnishment proceedings by M. Fuson against the Ingleside Truck Growers' Association and another, in which the First State Bank of Aransas Pass intervened. From the judgment rendered, the Bank appeals. Affirmed.

E. Gordon Gibson, of Rockport, for appellant. John De Berry Wheeler, of Aransas Pass, for appellees.

FLY, C. J. M. Fuson applied for and obtained writs of garnishment directed against the Ingleside Truck Growers' Association and V. G. Thomas, its secretary-treasurer, requiring them to answer as to any sums of money in which they might be indebted to A. E. Ives, and they answered that they were indebted to him in the sum of $66 at the time the writ of garnishment was served, and that since that time the sum of $323.28 had come into their hands. Appellant intervened in the suit, claiming that prior to service of the writs of garnishment A. E. Ives had for a valuable consideration assigned to appellant all moneys due or to become due him by the Ingleside Truck Growers' Association. The cause was tried without a jury, and judgment in favor of appellant for $66, and in favor of M. Fuson for $323.28, was rendered against the garnishees.

[1-3] The evidence shows that Ives was indebted to appellant, and had secured his indebtedness with a chattel mortgage on certain stock; that he went to the bank on June 17, 1915, and asked for further time on his debt, and it was agreed that there would be an extension of time if Ives would assign to the bank all the money coming to him from the Ingleside Truck Growers' Association, and Ives then handed certain tickets or receipts from the Truck Growers' Association to the president of the bank. Ives was about to leave the bank when the president called him back and requested a writing to evidence the agreement, and it was written and signed by Ives. That document sold and assigned to appellant "all my right, title, and interest in all moneys due and payable to me by the Ingleside Truck Growers' Association." At that time the association owed him only $66. No extension was given on the notes owed by Ives. The debt was amply secured before the assignment was made. The paper signed by Ives was prepared by the president of the bank.

The oral agreement made by the parties was merged into the written instrument, and its terms must control. The oral agreement merely led up to the written agreement; as no written contract can ever be made without some understanding beforehand as to what it shall contain. Appellant wrote the instrument, and it must have embodied the desires of the contracting parties. Under proper circumstances an oral assignment of money due one of the parties might be binding between them, but not as to any one else without notice. The verbal agreement in this instance, however, was but the preliminary to a written agreement which was

drawn by appellant and signed by Ives. There was no extension of the debt of Ives, and consequently no consideration for the assignment.

The judgment is affirmed.