# MARCH, 1930

UNIVERSAL AUTOMOBILE INSURANCE CO. OF DALLAS, GARNISHEE, v. JOHN CHRISTENSEN ET AL.

No. 5299.   Decided March 12, 1930.
(25 S. W., 2d Series, 601.)

*Levy, Barker & Kahn,* for appellant.

Where the drawee of a negotiable instrument made payable to several payees has no means of knowing the amount thereof due the defendant in garnishment or of knowing whether or not the original payees are the owners of said instrument at the time of presentment, he cannot be held in garnishment for the amount actually received by the defendants in garnishment under said draft.   The fact that the garnishee corporation did not know and had no means of knowing how the proceeds of said draft were to be distributed

among the various payees, only two of which were involved in the garnishment proceeding, would render a holding that said draft was subject to garnishment highly unjust and inequitable. We do not believe our Garnishment Statutes, which are strictly construed, were intended to work so great a hardship on defendants in garnishment.

*Terry, Cavin & Mills,* and *Lewis Jeffrey,* for appellees.

"Upon the facts above stated was the liability of appellant upon the draft of Victoria and George Smith a liquidated indebtedness to them for which appellant could be held liable to Appellees in garnishment proceedings?" This question should be answered in the affirmative. The amount owing by the Garnishee in the instant case had been fixed and admitted and rendered positively certain by the issuance of a draft. The garnishee knew what it owed the four claimants taken together. There was no dispute as to the existence of the claim of any one of the four claimants against the garnishee. The garnishee did, in fact, by the execution and delivery of its draft to the four claimants, conclusively admit that it was indebted to each of the four. Appellant's agent frankly testified that appellant made no effort to determine the amount that it owed Victoria Smith and George Smith, the judgment debtors of appellees. Therefore, unless appellant has set up such facts as to show clearly that it could not determine the amount that was owing George Smith and Victoria Smith out of the total fund, the reason for the rule, as stated by Chief Justice Gaines, does not exist in this case, and therefore the rule should not be extended to apply to this case.

We have urged upon the Court of Civil Appeals that the garnishee was under duty to determine the amount that it did owe the judgment debtors of appellees, and that, having failed to so determine, it could not complain of a determination having been made by the trial court. We adhere to our former position.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals has submitted the following certificate containing certified questions:

"The appellees, John Christensen and A. J. Rasmussen, who composed the business firm of John Christensen & Company, brought suit in the court below against Victoria and George Smith to recover upon notes executed by the defendants and secured by mortgage lien upon an automobile owned by them. In this suit plaintiffs

sued out a writ of garnishment against the appellant. The writ was served on appellant on June 17, 1927, and on June 20, 1927, appellant filed an answer denying that it was indebted to the defendants in any amount or had any effects of defendants in its possession, or knew of any person or persons indebted to defendants or having effects belonging to defendants in their possession.

"On September 24, 1927, plaintiffs filed affidavit controverting appellant's answer. This controverting affidavit was answered under oath by appellant.

"From these affidavits and the undisputed evidence adduced on the trial, the following facts are shown:

"Appellees recovered in their suit against Victoria and George Smith for a sum in excess of the amount adjudged against appellant as garnishee.

"Garnishee corporation had issued a policy of liability insurance in favor of the Universal Terminal Warehouse Company covering claims for property damage or personal injuries. An automobile belonging to the Universal Warehouse Company was involved in a collision with a car owned by Victoria Smith and George Smith, against which car a mortgage existed in favor of John Christensen & Company. George Smith, Victoria Smith, Willie Herd and Mary Gilbeau filed claims for personal injuries and property damages against the Universal Terminal Warehouse Company. Discharging its obligation to the Warehouse Company under the terms of said insurance policy, garnishee corporation settled all of said claims for a sum of Two Hundred Twenty Five ($225.00) Dollars, for which amount a sight draft was drawn by the Galveston Insurance Agency, local agents for garnishee corporation, on said corporation, the draft being payable at Dallas, Texas, to said claimants or their order. Having learned that Christensen & Company held a mortgage against the car involved in said collision, the local insurance agency notified Christensen & Company, as a matter of accommodation, of its intention to deliver said draft. One of the members of said firm, A. J. Rasmussen, thereupon came to the office of the Galveston Insurance Agency and according to the undisputed testimony of J. M. Jacobs, General Manager of the local agency, offered no objection when he was told that the draft was to be paid to said claimants. He was present when the draft was delivered on June 16, 1927. Thereafter, on June 17, 1927, the writ of garnishment was served on the local agency. Subsequent to June 20, 1927, the date the answer of garnishee was filed, said draft was presented for pay-

ment at Dallas on the second day of July, 1927, and was then paid. The delay was due to the fact that the payees did not succeed in getting the draft cashed in Galveston and carried it to Houston and finally had it put through for collection, after they had obtained the signature of Gustavia Livingston as an endorser thereof. Gustavia Livingston was known at the Houston bank in question and put the draft through for collection in her name and received payment from said bank after the draft was paid in Dallas. However, the said Gustavia Livingston received no part of said money but paid over the whole amount to the payees named in the draft.

"The trial of the case on October 26, 1927, resulted in a judgment against garnishee for the sum of One Hundred Fifty ($150.00) Dollars, that being a portion of the total amount of the draft which was received by Victoria Smith and George Smith, and for all costs of court.

"As shown by the above statement, the draft was made payable jointly to the four claimants, and the undisputed evidence shows was issued and accepted in settlement of the claims of all of the payees without any agreement or understanding between the drawer and payees as to the amount any one of the payees would receive, or as to what portion, if any, of the amount was in settlement of the claim for damages to the Smith automobile.

"The draft when presented for payment and paid by appellant was endorsed by all of the payees and by Gustavia Livingston. It also contained the endorsement of the forwarding bank that it was held 'for collection only.'

"When the appellant paid the draft at Dallas on July 2, 1927, it had no information as to what portion of the amount was payable to the defendants, Victoria and George Smith, and did not know whether the original payees or the subsequent endorser, Gustavia Livingston, was the owner, and had no means of knowing whether or not Gustavia Livingston was a purchaser and holder of the draft for value in due course of trade.

"An appeal from this judgment is pending in this court on motion for rehearing, and the case being one in which the jurisdiction of this court is final, we deem it proper to certify for your decision the following questions, which are not entirely free from doubt and which we deem important to the jurisprudence of the state.

"First: Upon the facts above stated, was the liability of appellant upon the draft to Victoria and George Smith a liquidated in-

debtedness to them for which appellant could be held liable to appellees in garnishment proceedings?

"Second: Was appellant protected under our negotiable instrument act in the payment of the draft to Gustavia Livingston?"

Although the sum due by the insurance company to the four claimants, collectively, became liquidated by the agreement of the parties, and is evidenced by the draft, the sum due the Smiths under the draft remained unliquidated. The transaction in which the draft was given supplied the insurance company with no data from which the sum due the Smiths may be calculated, nor did the company, when required to make answer to the writ of garnishment, possess the means of ascertaining what sum was due the Smiths under the draft. In circumstances similar to these, it has been held that it is unreasonable to compel the garnishee to answer under oath "what, if anything, he is indebted to the defendant." The claim of the Smiths against the company, being unliquidated, was not subject to the garnishment. Waples-Platter Grocer Co. v. Railway Co., 95 Texas, 486.

We recommend that the first certified question be answered in the negative. An answer to the second question is unnecessary.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.