**WILLIAMS et al. v. WAXAHACHIE NAT. BANK.**

No. 1230.

Court of Civil Appeals of Texas. Waco.

June 16, 1932.

Rehearing Denied July 11, 1932.

Lem Wray, of Waxahachie, for appellants.
J. T. Spencer, of Waxahachie, for appellee.

ALEXANDER, J.

This action involves the question of priority between a writ of garnishment and an assignment of a judgment. In 1929 J. T. Williams filed suit against J. M. Ballard in the county court of Ellis county in cause No. 6804 to recover on quantum meruit for the reasonable value of Williams' services as a broker for selling certain property belonging to Ballard. On May 26, 1929, Williams assigned to Lem Wray one-fourth of his claim against Ballard as evidenced by said suit. On August 5, 1929, a trial was had and resulted in a judgment in favor of Williams against Ballard for the sum of $300 and interest and costs. Ballard seasonably filed a motion for new trial therein, and, upon the overruling of such motion, filed a supersedeas bond and

prosecuted an appeal to the Court of Civil Appeals for the Fifth district. On August 8, 1929, while the motion for new trial was pending in the lower court in the above cause, the Waxahachie National Bank filed suit in the same court in cause No. 7151 against J. T. Williams to recover on a promissory note, and caused a writ of garnishment to be issued and served on J. M. Ballard directing him to answer on October 21, 1929, what, if anything, he was indebted to said J. T. Williams. On October 16, 1929, before the motion for new trial had been acted on in the case of Williams v. Ballard, Williams assigned to Lem Wray the balance of his judgment against Ballard and caused a notation thereof to be made on the docket of the court. The Court of Civil Appeals for the Fifth district affirmed the judgment in favor of Williams against Ballard on January 10, 1931. On July 31, 1931, the Waxahachie National Bank prosecuted its suit against Williams to effect and recovered a judgment for $859.41 and costs. Ballard did not answer the garnishment case on the date directed in the writ, but did file his answer therein on May 12, 1931, and admitted that he owed the judgment of $300, interest and costs, to Williams, but alleged that Lem Wray was claiming some interest therein. Lem Wray filed a plea of intervention in the garnishment case against Ballard and set up the two assignments from Williams to him by which the full amount of the judgment obtained by Williams against Ballard in cause No. 6804 had been assigned to him. Upon the trial of the garnishment case on July 31, 1931, the trial court held that the assignment from Williams to Wray of date May 26, 1929, by which Williams assigned to Wray one-fourth of his claim against Ballard, was superior to the writ of garnishment thereafter served on Ballard in August, 1929, but held that the writ of garnishment was superior to the assignment to Wray of date October 16, 1929, by which Williams assigned to Wray the remaining three-fourths of the judgment recovered by Williams against Ballard. Wray and Williams appealed.

We must determine whether the bank acquired a prior claim to the funds due by Ballard to Williams, by its writ of garnishment of date August 8, 1929, or whether Wray acquired a prior right thereto by his assignment of date October 16, 1929. The writ of garnishment, being first in time, must prevail if the fund was subject to garnishment either at the time the writ was served or at the time the garnishee was required to answer; otherwise the assignment must prevail. In order for a fund or liability to be subject to garnishment, the claim must be liquidated or the amount thereof capable of ascertainment at the time the writ of garnishment is served or at the time the gar-

nishee is required by law to answer. This is true because the garnishee is required to answer under oath what amount he owes, and, if the amount of such indebtedness is unliquidated and thus uncertain, he cannot truthfully answer as to the amount thereof. Waples-Platter Grocer Co. v. Texas & P. R. Co., 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353; Universal Automobile Ins. Co. v. Christensen, 119 Tex. 100, 25 S.W.(2d) 601; Alexander v. Berkman (Tex. Civ. App.) 3 S.W.(2d) 864, par. 1 (writ ref.); Darlington-Miller Lumber Co. v. National Surety Co., 35 Tex. Civ. App. 346, 80 S. W. 238; Medley v. American Radiator Co., 27 Tex. Civ. App. 384, 66 S. W. 86 (writ ref.).

Williams' claim against Ballard, being for the reasonable value of Williams' services as a broker for bringing about a sale of Ballard's property, was an unliquidated claim and the amount thereof did not become certain or liquidated until the claim was reduced to final judgment. At the time the writ of garnishment was served on Ballard, a judgment against him and in favor of Williams had been rendered, but this judgment had not become final. At that time a motion for new trial was pending, and an appeal was afterwards taken to the Court of Civil Appeals, and the case was not affirmed in that court until long after Williams had assigned the judgment to Wray. A judgment does not become final in the sense that it finally and conclusively determines the rights of the parties until it has reached that stage in judicial procedure when it can neither be set aside nor reversed on appeal. Waples-Platter Grocer Co. v. Texas & P. R. Co., 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353; Texas Trunk Ry. Co. v. Jackson, 85 Tex. 605, 22 S. W. 1030; Alexander v. Berkman (Tex. Civ. App.) 3 S.W. (2d) 864, par. 1 (writ ref.).

Since Ballard's liability to Williams was an unliquidated one, and had not been reduced to final judgment at the time the writ of garnishment was served, nor at the time Ballard was required by law to answer the writ of garnishment, such fund or liability was not subject to the writ of garnishment, and the assignment thereof by Williams to Wray effected a transfer of said fund to Wray, and Wray's title thereto was superior to the claim of the bank under the writ of garnishment.

The judgment in favor of the bank against Ballard is set aside, and judgment here rendered that said bank take nothing, and the judgment in favor of Wray against Ballard is reformed so as to allow Wray to recover from Ballard the full amount of the judgment previously recovered by Williams against Ballard in cause No. 6804, with interest and costs, and the judgment as reformed is affirmed.