JARECKI MANUFACTURING COMPANY V. CONSOLIDATED GASOLINE COMPANY.

No. 6809.   Decided June 2, 1937.
Rehearing overruled June 23, 1937.
(105 S. W., 2d Series, 663.)

*Turner, Seaberry & Springer,* of Eastland, for plaintiff in error.

The holding of the Court of Civil Appeals to the effect that the garnishee is liable only for funds accruing up to the date of the writ, notwithstanding the fact that additional funds accrued before his answer was filed, is an erroneous construction of the statutes. Humble Oil Co. v. Andrews, 285 S. W. 894; American Refinery Co. v. Tidal Western Oil Co., 264 S. W. 335; 12 R. C. L. 779.

*Scott W. Key,* of Eastland, for defendant in error.

Garnishee is required to answer for only such debts as garnishee may owe the defendant at the time the writ of garnishment is served and such debts as may accrue in favor of defendant between the date of service and the return date named in the writ of garnishment. Way v. Wilson, 43 S. W. (2d) 1110; Jemison v. Scarborough, 56 Texas 358; Roy Campbell & Co. v. Roots, 60 S. W. (2d) 896.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This is a garnishment case and was tried on an agreed statement of facts.

The court correctly states in its opinion that the main question for determination is whether the garnishee, having failed to file its answer upon August 3, 1931, the return day stated in the writ, but having later filed its answer on March 14, 1932, no default judgment having been taken against it in the meantime, should have stated in such answer not only the amount it was indebted to defendant when the writ was served, but also the additional amount it became indebted to defendant between return day and the time of filing the answer. 72 S. W. (2d) 351.

**1** Upon appeal the Court of Civil Appeals reformed and affirmed the judgment of the trial court so as to limit recovery against the garnishee to the sum of $471.76, holding that the trial court erred in giving judgment for the amount accruing to Hopkins between return day and the date the answer was filed.

The case is clearly and fully stated in the opinion of the Court of Civil Appeals. Upon a careful review of the record we have concluded that the questions presented were correctly decided by that court and that the reasons given for its holding are correct.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court June 2, 1937.

Rehearing overruled June 23, 1937.

For the convenience of the Bar the opinion of MR. JUSTICE FUNDERBURK, of the Court of Civil Appeals, Eleventh District, is inserted here, as follows:

Jarecki Manufacturing Company recovered judgment in the lower court on July 22, 1933, against Consolidated Gasoline Company, garnishee, for $1566.56, from which the latter has appealed. The suit, to which this was ancillary, was filed on June 13, 1931, by said Jarecki Manufacturing Company against S. A. Hopkins to recover an alleged indebtedness of over $11,000. In that suit plaintiff, on the 29th day of February, 1932, recovered judgment for $10,045.55. On the same day the principal suit was filed a writ of garnishment was issued commanding the sheriff or any constable of Eastland County to summon the Consolidated Gasoline Company "to be and appear before said court, at the next term thereof, to be held at Eastland,

Texas, in said county, on the 3rd day of August, 1931, then and there to answer upon oath what, if anything, it is indebted to the said S. A. Hopkins, and was when this writ was served upon it," etc. The garnishee, although duly served on June 13, 1931, did not answer at the time commanded in the writ, but filed its answer on March 14, 1932, therein acknowledging an indebtedness due on August 3, 1931,—said date the writ commanded it to answer,—in the sum of $234.33, which included the amount due at the date the writ was served. This answer was contested. Two objections were urged: (1) that on said August 3, 1931, the garnishee owed Hopkins $471.96, instead of the sum of $234.33, as acknowledged in the answer, and (2) that the answer did not show the amount of indebtedness accruing and owing after August 3, 1931, and thence up to the time of filing the answer on March 14, 1932. On July 10, 1933, the garnishee filed an amended answer stating facts from which it would appear that on August 3, 1931, it was indebted to the said Hopkins in the sum of $471.96 as contended by plaintiff, but denying, as a conclusion, that it was indebted except for the $234.33 acknowledged in the original answer.

Upon the issues involved in the contest of garnishee's answer the court found for the plaintiff and entered judgment as above stated. The judgment included, in addition to the said sum of $471.96, the sum of $1094.58, representing indebtedness not due on August 3, 1931, the date the writ commanded answer to be made, but which accrued after that time, and before the answer was filed.

The main question for determination is whether the garnishee having failed to answer at the time commanded in the writ, but having answered later without judgment by default having been taken against it, was it required to state in such answer not only the amount it was indebted to the defendant at the time the writ was served, and the total amount it was so indebted at the time it was commanded by the writ to answer, but also the amount it became indebted to the defendant after the time it was commanded to answer and up to the time it filed its answer?

"The proceeding for the collection of a debt by a garnishment is purely statutory; and, in order for a party to avail himself of the remedy, the requirements of the statutes must be strictly pursued." Blum v. Moore, 91 Texas 273, 42 S. W. 856; Buerger v. Wells, 110 Texas 566, 222 S. W. 151; Scurlock v. Gulf, C. & S. F. Ry. Co., 77 Texas 478, 14 S. W. 148; Gause v. Cone, 73 Texas 239, 11 S. W. 162; Jemison v. Scarborough, 56 Texas 358.

2 The writ of garnishment, the form of which is prescribed in R. S. 1925, Art. 4081, when issued and served in accordance with the statutory provisions defines the duty imposed upon the garnishee. That duty is to be and appear before the court out of which the writ is issued, on a day named therein, *then and there* to answer upon oath (among other things not necessary here to mention), "what, if anything, he *is indebted* to" the named defendant "and was when the writ was served upon him." (Italics ours.) The effect of the due service of a legal writ is to impound whatever indebtedness the garnishee owes the defendant at the time of the service of the writ, and also whatever additional indebtedness, if any, so owing at the time the garnishee is required by the writ to appear and answer. That the garnishee is under duty to do at least this much is not disputed. The proposition will also be not contested, we think, that upon the refusal, or failure, of the garnishee to discharge this duty by filing proper answer on or before appearance day, plaintiff may then, if he has obtained judgment against the defendant, have judgment by default against the garnishee, and if he has not obtained judgment against the defendant, he may have judgment by default against the garnishee if and when such judgment against the defendant is obtained, *provided that in the meantime the garnishee has not filed his answer*. The preceding provision (italicized) is a limitation upon the right of the plaintiff in garnishment to take judgment by default against the garnishee after appearance day for failure or refusal to answer upon the day commanded in the writ. This limitation was introduced by means of an amendment to the garnishment statutes made in 1921, now appearing in R. S. 1925, Art. 4087. That amendment provided for two changes in the statutes, both of which are comprised in said Art. 4087. One change had the effect to permit the garnishee to answer "before appearance day." The other had the effect to permit the garnishee to file his answer at any time after appearance day, provided the plaintiff had not previously taken judgment by default against him. The correct answer to the question presented for determination is believed to be dependent upon the effect, if any, of said amendment to the statutes.

The garnishment statutes, before the amendment of 1921, clearly manifested a purpose to permit the impounding of existing debts, rather than future accruing debts. For instance, Art. 4078 required the plaintiff to make affidavit that he has reason to believe and does believe that the garnishee "*is indebted* to the defendant," etc. (Italics ours.) Art. 4078 pro-

vided for commanding the garnishee at the time specified to answer what, if anything, "he *is indebted* to the defendant," etc. (Italics ours.) Likewise, the form of the writ prescribed in Art. 4081 called upon the garnishee to disclose not what he may thereafter become indebted, but "what, if anything, he *is indebted* to" the defendant. (Italics ours.) Clearly, we think, unless the amendment of 1921 has made an important change in the law, the whole duty of the garnishee is to answer upon the day commanded in the writ what, if anything, he is *then* indebted to the defendant, and was when the writ was served. Medley v. American Radiator Co., 27 Texas Civ. App. 384, 66 S. W. 86; Gallagher v. Pugh, 66 S. W. 118; Alexander v. Berkman, 3 S. W. (2d) 864; Williams v. Waxahachie Nat. Bank, 51 S. W. (2d) 1073; Planters' & Mechanics' Bank v. Floeck, 17 Texas Civ. App. 418, 43 S. W. 589; Insurance Co. of North America v. Friedman, 74 Texas 56, 11 S. W. 1046; Roy Campbell & Co. v. Roots, 60 S. W. (2d) 896. The effect of these and other decisions is to establish the proposition that it is the writ of garnishment which measures the duty of the garnishee and the right of the plaintiff, and results in the impounding of the indebtedness and only such as the garnishee owes the defendant at the time he is required to answer, including whatever amount he owed at the time the writ was served. They also establish the proposition that the garnishee can not affect the rights and duties thus fixed merely by the terms, or manner, or time of filing, of the garnishee's answer. In other words, as said by Judge GILL in Medley v. American Radiator Company, supra, "It is not the answer that fixes the lien, but the writ." As said by Judge WILLIAMS in Planters' & Mechanics' Bank v. Floeck, supra, concerning the effect of the writ: "As it is not a perpetual restraint, its continuance must depend upon the scope *given by the statute to the writ.* * * * The duty imposed by it on the garnishee is intended to conserve the rights of the creditor acquired by *service of the writ,* and is as comprehensive as that right, *but not more so.*" (Italics ours.)

We do not understand that appellee seriously questions that, except for the effect contended for, of the amendment of 1921, the above is not the true construction and effect of the statutes prior to said amendment.

The amendment did not purport to change the provisions above referred [to] as indicating the policy of the law to impound existing debts, rather than future accruing debts. The amendment made no reference to the articles of the statutes which prescribed the contents and effect of the writ, the form

of the writ, or the commands of the writ to a garnishee. Those provisions of the statutes remained as before. Unless, therefore, the effect of a repeal by implication is to be ascribed to the amendment, the garnishee is still commanded as before to appear on the date specified in the writ, according to the statute *then and there* to answer what, if anything, he *is indebted* to the defendant, and was when the writ was served, etc. The only changes made by the amendment were, as said before, to permit the garnishee to answer *before* the day specified in the writ, or *after* said day, provided, in the latter case, judgment by default has not, under the rights given to the plaintiff, been taken against him because of his failure to answer at the time commanded in the writ.

**3** Do these new rights necessarily conflict with the rights and duties formerly accruing from the due service of the writ of garnishment? Unless there is a conflict between them not reasonably reconcilable, no intent can properly be ascribed to the Legislature to make any change in the law as affecting such formerly existing rights and duties. We do not think that a garnishee by exercising his right under the amendment to file his answer "before" the date he is commanded to do so in the writ, can deprive the plaintiff of the right to require, by amended answer, a disclosure of the additional indebtedness, if any, accruing after the date of service and up to the day the garnishee is commanded to answer. 20 Tex. Jur., p. 825, Sec. 92. See Citizens' Nat. Bank v. First Nat. Bank, 14 S. W. (2d) 1043; Randolph v. Tandy, 98 Fed. 939, 39 C. C. A. 351. See also Gallagher v. Pugh, supra, and Davis v. West Texas Bank & Trust Co., 116 S. W. 933. Just so, we think that a garnishee by filing his answer after the day commanded in the writ, and thereby cutting off the right of the plaintiff to take judgment by default against him for not having answered at the time commanded in the writ, can not by such action enlarge the rights of the plaintiff by impounding indebtedness not existing either at the time the writ was served, or when the garnishee was commanded to answer. The garnishee can neither enlarge nor add to the rights of the plaintiff as fixed by due service of the writ by delaying answer until after the time commanded in the writ, nor restrict nor subtract from such rights by filing answer before said date.

The 1921 changes in the statutes (appearing in the provisions of said Art. 4087) served apparent and useful purposes in no way inconsistent with the view that the writ of garnishment continues as before to fix and measure the rights and

duties of the parties, regardless of whether the garnishee's answer be filed before, on, or after the day commanded in the writ. The provision made in the amendment giving the garnishee the option to file his answer before the day commanded in the writ served the convenience of the garnishee,—particularly a foreign garnishee,—as pointed out in Citizens Nat. Bank v. First Nat. Bank, supra. The purpose of the other change in permitting the garnishee to file his answer after the day commanded by the writ, subject to the condition specified, was evidently to relieve the garnishee of an unnecessary hardship, resulting from mistake or inadvertence in failure to answer at the time commanded, since the delay could not injure the plaintiff. Judgment by default could not be taken in any case until plaintiff recovered judgment in the main case against the defendant. It often happens, therefore, that varying intervals of time intervene between the times when garnishees are commanded to answer, and the times when judgments by default can be taken. It, therefore, could work no possible prejudice to either plaintiffs or defendants to permit answers of garnishees to be filed during such times, whatever the reason for failure to answer as commanded in the writ.

We, therefore, conclude that the court erred in giving judgment to include the indebtedness not existing on August 3, 1931, the time when the writ required the garnishee to answer, but which subsequently accrued, amounting to said sum of $1094.58. The judgment should have been for $471.96.

4. The court did not err, we think, in denying recovery in behalf of the garnishee, of attorney's fees. The garnishee's first answer did not correctly state the amount of the indebtedness due the defendant at the time it was required to answer, nor state the facts from which such amount could be determined as a matter of law by the court. The amount stated was $234.33. Upon contest, the court found the correct amount to be $471.96. Appellant concedes this is the correct amount. The garnishee was not discharged upon his answer. The costs in the trial court, including attorney's fees claimed, must by provision of the statutes abide the issue upon the contest which was decided against the garnishee. R. S. 1925, Art. 4100.

It is, therefore, our conclusion that the judgment of the court below should be reformed so as to limit the recovery against the garnishee to the said sum of $471.96, and the costs of the court below, and as so reformed should be affirmed, which is accordingly so ordered.

Opinion delivered May 18, 1934.