### BAUER v. DEIKE.

No. 3774.

Court of Civil Appeals of Texas. El Paso.
Dec. 22, 1938.

J. B. Wieser, of Fredericksburg, for appellant.

Alex Jung, of Fredericksburg, for appellee.

WALTHALL, Justice.

Fritz Deike, appellee, the holder and owner of a subsisting judgment, from which there was no appeal, against appellant, Paul Bauer, recovered in the District Court of Blanco County, Texas, thereafter filed in said court an affidavit and application for a writ of garnishment upon the Gillespie County Mutual Aid Insurance Association.

The Association, garnishee, answered on September 20, 1937, the return day of the writ, admitting its indebtedness to appellant on its certificate of insurance issued upon the life of Mrs. Louise Bauer upon the mutual assessment plan, and providing for a maximum payment of death benefit in the sum of $1000; that such certificate is payable to four children of deceased, naming them, appellant, Paul Bauer, being one of the four beneficiaries; the amount due each pro rated among them was $250; that Louise Bauer died June 29, 1937, and at the time of her death she was a member in good standing; that said children of Louise Bauer had filed their claims with the Association and assessment was then being made against the membership, and that the full amount of $1000 should and probably would be available for payment to the beneficiaries.

By agreement of all parties the case was transferred from the District Court of Blanco County to the District Court of Gillespie County.

Appellant, the judgment debtor, filed his original plea in intervention on February 22, 1938, claiming one-fourth of the proceeds of the certificate ($250), and insisting that same was exempt from garnishment.

The Association filed its amended answer on February 22, 1938, substantially the same as its original answer, with the additional statement that since its original answer was made sufficient money had been collected from the members to make the maximum payment under the certificate, and requested that Paul Bauer be made a party to the suit, and that the Association "now pays $250.00 into the registry of the court subject to the disposition of the court."

The case was tried without a jury, and on the evidence heard judgment was ren-

dered in favor of the plaintiff against the garnishee and intervener in the sum of $250. The intervener appeals.

#### Opinion.

Appellant contends, first, that the garnishment impounds only such funds as may be found to have existed during the period from and after service of the garnishment writ up to and including the date of the garnishee's answer, and that funds shown to have come into its possession after such time are not affected or impounded by the writ; second, liability of the garnishee resting upon collection from third parties, here the members of the Association, and depending upon the payment of the money by the third parties, cannot be reached by garnishment until the collection has actually been made.

Appellant, under each of his two assignments, contends the trial court erred in rendering the judgment.

Appellant makes no contention that the uncollected funds in the possession of the membership of the Association, and which needed only to be collected under the rules and plan of the Association, were exempt from execution, the garnishment.

The only practical difference in the original answer and the amended answer of the garnishee, as we view it, is that in the original answer the funds owing appellant under the certificate were uncollected, and under the amended answer the funds had then been collected. In each answer the Association, having all the matters of the Association before it and having collected the dues under the certificate from the members, admitted its indebtedness under the certificate, and appellant did not controvert the garnishee's answers.

We think we need to look only to the answer of the Association which admitted its indebtedness to appellant under the benefit certificate, made collections from the members and tendered the amount into court. However, to avoid any supposed conflict between this case and Consolidated Gasoline Co. v. Jarecki Mfg. Co., Tex.Civ. App., 72 S.W.2d 351, to which we are referred by appellant, we will say that the situation in the present case differs from that, in that in the instant case the garnishee recognized that the indebtedness existed and the garnishee's Secretary testified that garnishee had an emergency fund created by setting apart a certain percentage of dues collected for the purpose of paying claims when the number accruing was above the average. Claims were paid this way in 1937. On July 8, 1937 that fund amounted to an amount in excess of $20,-000, and at the time of trial amounted to $21,000. He could not say whether the claim under the particular certificate was paid by assessments or from the emergency fund, as it was the custom for the Association to pay claims from the moneys on hand and subsequently send out the cards calling for assessments, but that the Association was always ready to pay over the amount of judgment debtor's claim except for the amount in controversy in the instant case.

We have found no reversible error, and the case is affirmed.