

# THE ATTORNEY GENERAL

# OF TEXAS

GERALD C. MANN

~~WILL WILSON~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. 0-2312
Re: Can the described endorsement be
accepted by the State Treasurer?

We acknowledge receipt of your letter of April 30, 1940, in which you state as follows:

"Frequently Suspense Refund Warrants which have been issued are deposited with the State Treasurer by state departments with endorsement as follows: 'Redeposit by Secretary of State to apply on Franchise Tax of Blank Corporation', with the stamped endorsement of the Secretary of State, but without the endorsement of the corporation to which the refund warrant was issued.

"Please furnish us with your opinion as to whether or not such endorsement can be accepted by the State Treasurer."

As we understand the process of a transaction which would involve a situation of the kind you describe, it would be somewhat as follows:

A State department may receive a remittance from a corporation, and the department may have some doubt as to whether the corporation owes the total, or any part, of the amount remitted. In such case, the department so notifies the Treasurer, who holds this money in a suspense fund. If, subsequently, the department originally involved concludes that part or all of the money should not have been paid by the corporation, the said department will request the Comptroller to issue a warrant payable to the corporation, refunding the amount in question. This warrant, when duly issued and properly signed, will be sent to the department in question, for transmission to the corporation. But upon occasion you will receive this warrant back from the department, with a notation thereon somewhat as that described in your letter, quoted above.

It is apparent that the warrant, when it is returned to you, does not carry the endorsement of the payee. You are without knowledge, it is presumed, by what authority the department in question purports to have endorsed the warrant.

State warrants are non-negotiable. It was so held by the Texas Court of Criminal Appeals in Speer v. State, 58 S. W. (2d) 95 wherein the court declared:

"The warrant issued by the state for $2,626.95 was not a negotiable instrument in the sense that it would have entitled an innocent purchaser of the warrant to acquire from the state the amount stated on the face of the warrant, but such purchaser would acquire no more than a right to collect from the State the amount that it owed the appellant, namely, $1,626.95. No authority for the issuance of the warrant for the amount stated in its face or to pay the full amount of such warrant existed. No purchaser of the warrant, whether in good faith or not, could legally demand from the state the payment of more than the amount which was owing. See Ency. of Law Proc., vol. 11, p. 531; volume 7, p. 818; volume 36. p. 895; Corpus Juris, Vol. 59, p. 269 ß 406; Tex. Jr. vol. 11, p. 665, ß 118."

Since State warrants are non-negotiable, we must look not to the negotiable instruments act, but to the law of assignment for the rules governing your question. Article 569, Revised Civil Statutes of Texas, 1925, provides:

"The obligee or assignee of any written instrument not negotiable by the law merchant, may by assignment transfer all his interest therein to another."

No particular mode of assignment is prescribed. It may be by endorsement and delivery, or may even be made orally, First State Bank of Aransas Pass v. Fuson, 185 S. W. 1042, but the assignee must give proof of such assignment before he can require payment of the obligation by the debtor. Gregg v. Johnson, 37 Tex. 558; Aldridge Lumber Co. v. Graves, 131 S. W. 846. The assignment may be made by an agent or attorney-in-fact of the payee, but such agency must be clearly established, Darlington Miller Lumber Co. v. National Surety Co., 80 S. W. 238, or the debtor is not discharged by making payment to such assignee.

The principles here announced were recognized in our opinion number O-1062 wherein we stated:

"* * * You are concerned with the authority of the treasurer to recognize an endorsement made by a warrant company in the name of the payee under the authority of the previously discussed power of attorney. There can be no question but that when the treasurer pays a warrant endorsed in this manner, he does so at his peril. As pointed out by the court in the case of Willis v. Weatherford Compress Company, 66 S. W. 472, payment to an assignee under a void assignment is no payment at all. Therefore, the treasurer should require such information concerning the authority to endorse payee's name on a warrant as he feels will protect himself. * * *"

Replying, therefore, specifically to your question, it is our opinion that the State Treasurer acts at his peril if he honors a State warrant not endorsed by the payee unless evidence is furnished of the authority of the agent purporting to endorse the warrant for and on behalf of the payee.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Walter R. Koch
Walter R. Koch
Assistant

WRK:RS:wc

APPROVED MAY 29, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman