BLASSINGAME v. CATTLEMEN'S TRUST CO. (No. 8179.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 23, 1915. Rehearing Denied March 6, 1915.)

1. COURTS ☜474 — CONCURRENT JURISDICTION—PRIORITY.

Ordinarily, where two courts have jurisdiction of the parties and the subject-matter, the one first acquiring jurisdiction will retain it to the exclusion of the other.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1228; Dec. Dig. ☜474.]

2. ABATEMENT AND REVIVAL ☜4—PENDING ACTION—PLEA IN ABATEMENT.

A prior suit pending between the same parties, involving the same cause of action, abates the subsequent suit, when properly interposed by plea in abatement.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 25–38; Dec. Dig. ☜4.]

3. ABATEMENT AND REVIVAL ☜17—PENDENCY OF PRIOR SUIT—ABATEMENT.

A plea of pending action between the same parties, involving the same cause of action, is available only as one in abatement and not in bar.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 123–136; Dec. Dig. ☜17.]

4. ABATEMENT AND REVIVAL ⬥⇒80 — OTHER ACTION PENDING—OBJECTIONS—WAIVER.

Where a defendant in an action on a note did not appear and answer though duly cited, and did not prosecute a writ of error sued out to review a judgment against him, the court on motion will affirm on certificate as against the objection that defendant had, prior to the action, instituted a suit in another court to cancel the note for fraud.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 10, 15, 17; Dec. Dig. ⬥⇒80.]

Error from District Court, Tarrant County; Marvin H. Brown, Judge.

Action by the Cattlemen's Trust Company against J. M. Blassingame. There was a judgment for plaintiff, and defendant brings error. Affirmed on certificate.

J. W. Payne, of Ochiltree, and Newton P. Willis, of Canadian, for plaintiff in error. A. H. Kirby, of Abilene, for defendant in error.

CONNER, C. J. Defendant presents a transcript of the proceedings in the district court of Tarrant county, from which it appears that the Cattlemen's Trust Company of Ft. Worth, on the 24th day of April, 1914, instituted its suit against J. M. Blassingame to recover upon a promissory note for $750, with interest and attorney's fees as therein specified; that thereafter, on the 15th day of June, 1914, the plaintiff trust company was awarded a judgment against J. M. Blassingame for the total sum of $869.40, being the principal, interest, and 10 per cent. attorney's fees on the note above referred to. The judgment recites that "the defendant J. M. Blassingame, though duly cited by personal service to appear and answer herein, came not, but wholly made default, and, it appearing to the court that the plaintiff's demand is liquidated and proved by an instrument in writing," judgment was awarded as before stated. Afterwards, on September 12, 1914, J. M. Blassingame filed his petition for a writ of error and supersedeas bond in due form, and on the same day the citation in error was duly served. The writ of error was not prosecuted, however; J. M. Blassingame not having filed a transcript of the proceedings in this court at any time. The Cattlemen's Trust Company thereupon, on the 22d day of December, 1914, filed the motion to affirm on certificate now under consideration, with a prayer for the assessment of 10 per cent. damages as provided by the statute.

[1-4] The proceedings for an affirmance of the judgment in accordance with the motion are, in all things, regular, and it is quite clear that the appellee, the Cattlemen's Trust Company, is entitled to the relief it prays for, unless it be defeated by an answer to the motion that appellant, Blassingame, filed in this court on January 6, 1915. The substance of this answer, so far as material to state, is that prior to the institution of the suit in the district court of Tarrant county, a suit was instituted by Blassingame in Ochiltree county, where Blassingame resided, to cancel for fraud the note which was the foundation of the suit in Tarrant county. It is further asserted in the answer to the motion that the case in Ochiltree county came to trial upon the issues therein made, and that Blassingame recovered judgment canceling the note, from which judgment the appellee herein, the Cattlemen's Trust Company, has duly prosecuted an appeal to the Court of Civil Appeals for the Seventh judicial district, where said appeal is now pending. The answer to the motion is not verified, but the prayer is that:

"The motion to affirm on certificates be dismissed, and that this court take such steps as seem proper to ascertain its jurisdiction and that they take no further jurisdiction hereof by reason of the matters outside the record by which the parties themselves have abandoned this writ of error, and in the alternative, should your honors not see fit to dismiss said motion and judgment, then appellant prays that you postpone judgment thereon until after judgment be rendered in said appeal from Ochiltree county by the Court of Civil Appeals of the Seventh Supreme Judicial District of Texas."

In verification of the pleadings, however, appellant attaches as an exhibit to his answer to the motion a certified copy of his amended original petition as filed in the district court of Ochiltree county. From the file mark on this amended original petition it appears to have been filed on the 19th day of October, 1914. A copy of his original petition is not attached, so that we have no means of determining when the suit in Ochiltree county was first instituted, except that in the amended petition referred to it recites that it is filed "in lieu of his original petition filed herein April 16, 1914." Assuming, however, the fact to be as stated in appellant's answer to the motion to affirm, that the suit in Ochiltree county was filed prior to the filing by appellee of its suit in Tarrant county, and assuming also that the two suits are substantially identical in the sense that a judgment in one case could be pleaded as a bar in the other, we yet do not understand that the matters so charged affect the jurisdiction of this court or constitute a sufficient answer to the motion to affirm. Ordinarily, of two courts having jurisdiction of the parties and of the subject-matter, the one first acquiring jurisdiction will retain it to the exclusion of the other, and this court has held that a prior suit pending between the same parties involving the same cause of action, when properly interposed by a plea, will abate the subsequent suit. See Sparks v. Nat. Bank of Commerce, 168 S. W. 48. Such plea, however, is one in abatement and not in bar, and must, to be available, be specially pleaded. Appellant failed to avail himself of this defense in the district court of Tarrant county, notwithstanding he had been duly notified to appear and answer. We see, therefore, no way in which we may properly give effect to the several matters set up in the answer to the mo-

tion to affirm. As it appears to us, whatever of relief, if any, that appellant may be entitled to by reason of the facts referred to, must be awarded by courts of original, and not by one of purely appellate, jurisdiction.

We conclude that appellee is entitled to have its judgment affirmed on certificate against appellant and the sureties on his supersedeas bond, with costs and 10 per cent. damages as prayed for.