**W. E. GATHRIGHT, Appellant,**

v.

**Rosa Iona RIGGS et al., Appellees.**

**No. 3878.**

Court of Civil Appeals of Texas.

Waco.

March 16, 1961.

Rehearing Denied March 30, 1961.

Mays & Jacobs, Corsicana, for appellant.

Dawson & Dawson, Corsicana, for appellees.

WILSON, Justice.

Appeal from order sustaining plea of privilege in a child custody habeas corpus proceeding. The controlling question is whether dismissal of previous habeas corpus proceedings in another county, while appellant's plea of privilege therein was pending, fixed venue of the instant proceedings.

By a 1956 modification of a divorce decree, custody of the child was given to his mother, appellee herein, from September 1 to June 1 of each year. On September 3, 1960, appellee filed in the District Court of Limestone County an application for writ of habeas corpus and an affidavit for writ of attachment, alleging the child was being illegally restrained and confined by appellant, his paternal grandfather, and asserting that she was entitled to custody and possession under the divorce decree. The child's father was not a party. Upon service of these writs, appellant filed in the habeas corpus action a plea of privilege to be sued in Navarro County, where he resides. The child was thereupon delivered to appellee by order under the writ of attachment; and hearing in the habeas corpus proceedings was continued to permit filing plea controverting the plea of privilege. One week later, before the plea of privilege was controverted, the Limestone County habeas corpus proceedings were dismissed on appellee's motion.

The following month appellant instituted in Navarro County the present habeas corpus proceedings, in which appellee and her present husband were joined as respondents, alleging a change of circumstances and conditions since rendition of the divorce decree; and asserting that the interests of the child required custody be awarded to appellant, the grandfather. Appellee, the mother, filed her plea of privilege to be sued in Limestone County. Appellant controverted the plea, and alleged in abatement that dismissal of the Limestone County proceedings while his plea of privilege was pending fixed venue in Navarro County and made it res judicata of that issue. That contention is the issue presented on this appeal.

We think this contention may be resolved by application of stabilized rules, established by the Supreme Court without resort to Court of Civil Appeals decisions containing expressions somewhat at variance thereto cited by the parties:

It is recognized that the Limestone County proceeding, even though essentially

involving possession of the child, was also a civil suit involving custody. A plea of privilege was there available to appellant. Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79, 83.

■ It is likewise settled that ordinarily a dismissal at plaintiff's instance while defendant's plea of privilege is pending, even in the absence of a controverting plea, has the effect of fixing venue in a subsequent suit against the parties. Some decisions have said the venue of the subsequent suit has thereby become res judicata. That rule, however, is qualified by the requirements, among others, that such subsequent suit "involve the same subject matter", and the same parties. Royal Petroleum Corp. v. McCallum, 134 Tex. 543, 135 S.W.2d 958, 967; Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222, 224; H. H. Watson Co. v. Cobb Grain Co., Tex.Com.App., 292 S.W. 174, 177.

■ The instant action, as appellant ably argues, involved the same subject matter, in a sense, as did the previous proceedings; they each involved the custody of the child under the dominant factor of his welfare. But the core of the subject matter inherent in the present action, and the issue in dispute, not only differs from that in the prior action; it is entirely new. It alleges a change of conditions requiring, in the child's best interests, a different judgment than that rendered in the original divorce decree. The prior proceedings involved efforts seeking to enforce the provisions of that decree. This action is an independent civil suit having "for its purpose the changing of the order relating to custody of the minor." [159 Tex. 18, 314 S.W.2d 802]. Ex parte Webb, 153 Tex. 234, 266 S.W.2d 855, 856; Ex parte Lillard, 159 Tex. 18, 314 S.W.2d 800, 802; Ex parte Eaton, 151 Tex. 581, 252 S.W.2d 557, 560.

The dismissal of the earlier proceedings, therefore, did not fix venue in this case. It is governed by general rules of venue. Ex parte Webb; Knollhoff v. Norris, supra; Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, 1020; Spell v. Green, 144 Tex. 535, 192 S.W.2d 260. We here imply no opinion as to propriety of this action, or parties. See Prock v. Morgan, Tex.Civ.App., 291 S.W.2d 489; Dillon v. Ewald, Tex.Civ. App., 308 S.W.2d 910, writ ref. n. r. e.

We think the judgment of the trial court is clearly correct. Affirmed.