**Linda J. KOHLS et al., Appellants,**

**v.**

**Donald P. KOHLS, Appellee.**

**No. 549.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 12, 1970.

Rehearing Denied Dec. 30, 1970.

Trimble & Dobbs, Harry Dobbs, Jr., Corpus Christi, for appellants.

Charles R. Cunningham, Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a summary judgment rendered in a child custody case by the Domestic Relations Court of Nueces County, Texas, in favor of plaintiff-appellee, Donald P. Kohls, and against appellants Linda J. Kohls, defendant, and Mr. and Mrs. Charles Gambs, intervenors in the court below. Appellants assert three points of error. The parties will sometimes be referred to as in the trial court.

On September 30, 1969, Donald P. Kohls sued Linda J. Kohls in the Court of Domestic Relations, Nueces County, Texas, for change of custody of their minor son, John Paul Kohls, who was born on March 23, 1965. His petition alleged that the parties had theretofore been divorced by decree of the Court of Domestic Relations, Brazoria County, Texas, on March 25, 1969, which granted custody of the child to Linda Kohls, and that there had subsequently been a change of conditions. On October 8, 1969, Linda Kohls duly answered and contested plaintiff's petition for change of custody. Mr. and Mrs. Charles Gambs, parents of Linda Kohls filed a petition in intervention in which they also sought custody of the minor child, alleging in part that they have had custody of him for at least four years of his life and have provided practically his exclusive support and maintenance except for about six months during which appellee was ordered to pay $75.00 per month for child support.

The Nueces Court set a hearing on plaintiff's petition for temporary custody of the child for October 10, 1969, but on October 8, 1969, cancelled the same on plaintiff's motion which recited, among other things, that it was impossible for the defendant to appear at that hearing and that plaintiff in fact had the temporary custody of the child.

The record further reflects that on November 26, 1969, Linda Kohls, as petitioner, filed a habeas corpus proceeding in the Court of Domestic Relations of Brazoria County, Texas, against Donald P. Kohls as respondent, in which judgment was rendered on December 4, 1969, denying relief to the petitioner. The Brazoria County

proceeding will be more fully hereafter discussed.

On December 4, 1969, plaintiff filed his original motion for summary judgment, which, on that date, was set for hearing on December 17, 1969. On December 11, 1969 plaintiff filed an affidavit in support of the motion for summary judgment made by his attorney of record, along with a certified copy of the judgment in the Brazoria County case. On December 15, 1969, defendant Linda Kohls filed a first amended original answer and sworn cross-action. On that date she also filed an answer to plaintiff's motion for summary judgment in the form of an affidavit sworn to by her.

Among other things, the cross-action of Linda Kohls alleged in substance that at the time of her divorce from plaintiff on March 25, 1969, the minor child was in the actual care, custody and control of Mr. and Mrs. Charles Gambs of Corpus Christi and had been in their custody since September or November 1968; that she executed a power of attorney on March 25, 1969 authorizing Charles Gambs (her father) of Corpus Christi, Texas, to look after the child and to exercise necessary powers for his best interest and welfare but in no way relinquished Linda Kohl's care, custody and control of the child as had been given to her by virtue of the divorce decree entered on the same date the power of attorney was signed; that the care, custody and control of the minor child so awarded to Linda Kohls has never been changed by any court order or court of competent jurisdiction; that there had been no proof made in this case showing that a change of custody to Donald P. Kohls would be warranted; that he is not a fit and proper person to have custody of the minor child; that Linda Kohls, at the time of filing said cross-action, was living with her parents in Corpus Christi, Texas, and she was then attending classes at Del Mar College to prepare herself for employment; that her parents were supporting her and were willing to support the minor child if returned to Linda Kohls.

On December 15, 1969, when Linda J. Kohls filed her amended original answer and cross-action in which she sought permanent and temporary custody of the child, the trial court set a hearing for December 22, 1969, on a show cause order directed to Donald P. Kohls for the return of custody of the minor child to Linda J. Kohls, but such hearing was apparently not held, probably because the court on December 22, 1969, granted the summary judgment of Donald P. Kohls.

The answer and affidavit of Linda Kohls in opposition to the motion for summary judgment filed by Donald P. Kohls among other things set out in substance the following: that the Nueces suit has not been heard on its merits; that there is a cross-action and intervention pending therein; that the Brazoria County judgment does not adjudicate the issues in the Nueces County suit; that fact issues are therein involved; and that the motion for summary judgment of Donald P. Kohls does not state sufficient grounds to sustain a judgment in his behalf.

On December 16, 1969, plaintiff filed his "Supplemental Pleading to Motion for Summary Judgment" more fully hereinafter discussed. On December 17, 1969 the trial court herein conducted a hearing on plaintiff's motion for summary judgment and announced that it would be granted.

The record reflects that the Nueces Court granted plaintiff's motion for summary judgment on the ground that the Brazoria judgment was res judicata and that the Nueces Court could not go behind it.

The formal judgment of the Nueces Court was entered on December 22, 1969, and after preliminary recitations, including one that plaintiff's motion for summary judgment should be granted, reads in part as follows:

"It is accordingly ORDERED, ADJUDGED and DECREED by the Court that Plaintiff Donald P. Kohls, is the le-

gal custodian of his minor son, John Paul Kohls, as a matter of law as of December 4, 1969;

"It is further ORDERED, ADJUDGED and DECREED that all claims of intervenors, Mr. and Mrs. Charles Gambs, are denied and their Petition in Intervention is dismissed;".

Appellants, by three points of error contend in substance that the trial court erred in granting summary judgment: (1) In holding as a matter of law, on a motion for summary judgment, that legal custody of the minor child was in the plaintiff (father) as of December 4, 1969; (2) in holding as a matter of law that there were no fact questions to be decided by a trial of such case; (3) in granting summary judgment in this case based upon the pleadings and affidavits before the court. These points are sustained.

Plaintiff's original motion for summary judgment, filed on December 4, 1969, was based upon the following theories: (1) That on October 8, 1969, Linda Kohls, the defendant in the Nueces County suit, had judicially renounced all rights to custody of her minor son by a pleading filed in that court allegedly having that effect; that the legal custody of the child had reverted automatically to the plaintiff, Donald P. Kohls, who had assumed the rule of legal custodian and had actual custody of the child; that the Nueces Court should grant summary judgment awarding and confirming permanent legal custody in plaintiff; and that there was no genuine issue of fact to be determined; (2) that the intervenors, the maternal grandparents of the child had not and could not possibly state cause of action for custody because of the alleged judicial renouncement of custody by their daughter, Linda J. Kohls, on October 8, 1969, at which time legal custody of said child vested in the plaintiff; that intervenors are estopped as a matter of law from presenting any facts pertaining to custody antecedent to October 8, 1969; that intervenors have no legal right whatsoever to custody; that as a matter of law plaintiff was entitled to permanent custody.

Plaintiff's "Supplemental Pleading to Motion for Summary Judgment", filed on December 16, 1969, contained additional allegations to those in the first motion for summary judgment under two headings designated as follows: "A. Plea of Res Judicata" and "B. Motion for Summary Judgment against intervenors Mr. and Mrs. Charles Gambs." Plaintiff's plea of res judicata asserted in substance that Linda J. Kohls, defendant in the Nueces suit, had, on November 26, 1969, filed habeas corpus proceedings in the Court of Domestic Relations of Brazoria County, Texas, styled "Ex Parte John Paul Kohls," and numbered 52,000 in that court, in which she was denominated Petitioner, and Donald P. Kohls, plaintiff in the Nueces suit, was denominated Respondent; that on December 4, 1969, judgment was rendered in said cause (a certified copy of which was filed in the Nueces County case) denying Petitioner's (Linda Kohls) application for writ of habeas corpus and dismissing all remaining matters in controversy; that the writ of habeas corpus was denied on the grounds that petitioner had judicially abandoned any and all custodial rights she may have ever had to the said John Paul Kohls when in the Nueces suit she filed an answer which contained a judicial renouncement of all her custodial rights. Plaintiff (movant for the summary judgment in the Nueces proceeding) alleged that the Brazoria judgment was res judicata as of December 4, 1969, and, alternatively, if not res judicata that such judgment estops the defendant as a matter of law from filing further proceedings in this Court. The motion for summary judgment against intervenors Mr. and Mrs. Charles Gambs asserted (or re-asserted in part plaintiff's former contention) that when Linda J. Kohls judicially renounced any legal custodial rights to the minor child, the intervenors (grandparents of the minor child and parents of its mother) had no le-

gal right whatsoever to assert any legal custodial rights over the minor child.

The judgment rendered by the Brazoria Court reads as follows:

"On this the 2nd day of December, 1969, came on to be heard the habeas corpus proceeding filed by the Petitioner, Linda J. Kohls; and came the Petitioner Linda J. Kohls in person and by and through her attorney of record and came the Respondent, Donald P. Kohls, in person and by and through his attorney of record, and a jury having been waived, and the parties all announced ready for trial, and thereupon said cause proceeded to trial before said Court; and the pleadings having been summarized and the evidence adduced in support thereof, and arguments of counsel made thereon, said cause was on the 2nd day of December, 1969, submitted to the Court to determine both facts and the law in such cause.

And the Court, after all evidence was submitted and all arguments heard, was of the opinion that the Respondent's Plea in Abatement should in all things be overruled. Additionally, the Court was of the opinion that the Respondent's Plea of Res Judicata should in all things be overruled; and the Court being of the further opinion that the Petitioner's writ of habeas corpus should be denied and dismissed on the grounds that the Petitioner, Linda J. Kohls, in cause number 102,912, in the Court of Domestic Relations in and for Nueces County, Texas, did on the 8th day of October, 1969, judicially renounce any and all legal custody she may ever have had over John Paul Kohls, the minor son born of the prior marriage of the Respondent Donald P. Kohls, and the Petitioner Linda J. Kohls.

It is accordingly ORDERED, ADJUDGED and DECREED that the Petitioner's writ of habeas corpus is denied and all matters in controversy in this cause are dismissed.

It is further ORDERED, ADJUDGED and DECREED that the Petitioner shall be charged with all costs of Court, for which let execution issue.

SIGNED AND ORDERED ENTERED this the 4th day of December, 1969."

■ We have concluded that under applicable summary judgment rules we must hold that the record here fails to conclusively establish that there is no genuine issue of material fact or that appellee, Donald P. Kohls, the moving party, was entitled to judgment as a matter of law. Rule 166–A, T.R.C.P. We agree with appellants that the summary judgment should not have been granted in favor of plaintiff, and on the record presented that it cannot be sustained on the theories of res judicata, estoppel or judicial renouncement relied on by appellee.

The summary judgment record in this case does not include any of the pleadings filed in the Brazoria suit, but only the judgment rendered therein as hereinabove set out. It is thus impossible to determine with certainty the exact issues which were before the Brazoria Court for decision. It thus appears that the summary judgment evidence in this case fails to establish that the habeas corpus proceeding in Brazoria County was a suit in which permanent change of custody of the minor child was involved and also fails to establish that the habeas corpus proceeding in Brazoria County was anything more than a suit by Linda J. Kohls to gain possession of her minor son, brought in the county in which the child was then located, pending disposition of the Nueces suit. The Brazoria County judgment did not grant any affirmative relief to appellee but dismissed all matters in controversy in the cause. However, in view of appellee's reliance upon the Brazoria County judgment we will consider appellant's position concerning it.

■ Appellant's basic contention is in substance that the judgment rendered by

the Brazoria Court is void in so far as it purports to deal with a change of custody of John Paul Kohls because there was then pending in the Nueces Court a prior action involving the same parties and the same subject matter. We agree. See Ex parte Lillard, 159 Tex. 18, 314 S.W.2d 800 (1958); Ex parte Godeke, 163 Tex. 387, 355 S.W.2d 701 (1962); Wheeler v. Williams, 158 Tex. 383, 312 S.W.2d 221 (1958); Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926); Cook v. Gregg, 226 S.W.2d 146 (Tex.Civ.App., Amarillo, 1949, wr.ref.); Fowler v. Fowler, 292 S.W.2d 800 (Tex.Civ.App., Eastland, 1956, n. w. h.); Cf. Ex parte Brown, 382 S.W.2d 97 (Tex.Sup.1964).

In Wheeler v. Williams, supra, our Supreme Court reiterated the applicable general rule as follows: "The rule is well settled that, where two actions involving the same subject-matter are brought in different courts having co-ordinate jurisdiction, the court which first acquires jurisdiction, its power being adequate to administer full justice to the rights of all concerned, should retain such jurisdiction, undisturbed by the interference of any other court, and dispose of the whole controversy." The court also pointed out why the exception to the general rule as announced in V. D. Anderson Co. v. Young, 128 Tex. 631, 101 S. W.2d 798 (1937) was not there applicable. That exception is in substance that where a second suit has been filed in a court with coordinate authority and a plea in abatement is filed therein setting out the prior jurisdiction of the court in which suit was first filed and the plea is contested so that fact issues are raised concerning the prior active jurisdiction, then the determination of such fact issues are for the court in which the second suit is filed. In Wheeler v. Williams there was no fact issue raised which would deprive the first court of active prior jurisdiction. The same situation is present in the instant case. The summary judgment evidence in the Nueces Court wholly failed to establish that there was any fact determined by the Brazoria Court

which would defeat the prior active jurisdiction of the Nueces Court. Parr v. Hamilton, 437 S.W.2d 29 (Tex.Civ.App. Corpus Christi, 1968, n. w. h.) involved a fact situation in which the plaintiff in the second suit filed in Duval county alleged that when the defendant there had (as plaintiff) filed a prior suit in a Nueces Court "she did not then and does not now possess or have a good faith intention to prosecute said suit to judgment." The Duval Court overruled the plea in abatement of the defendant (plaintiff in the Nueces suit) and thus impliedly found the fact issue presented in favor of the Duval plaintiff. The Parr case is clearly distinguishable from the instant case. See, also Johnson v. Avery, 414 S.W.2d 441 (Tex.Sup. 1966) in which the Court discussed the factual distinction between *Anderson* and *Wheeler*, and held that the fact situation there brought the case within *Anderson*. The summary judgment evidence in the instant case fails to bring the case within *Anderson*. The holdings and fact situation in Ex parte Lillard, supra, and in *Wheeler* are closely in point here and support the holding that the Nueces Court continued to have prior active jurisdiction concerning the change of custody of the minor child here involved unimpaired by the proceedings and judgment in the Brazoria Court. In connection with the movant's burden on motion for summary judgment see the recent cases of Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.Sup.Ct.1970) and Glenn v. Prestegord, 456 S.W.2d 901 (Tex.Sup.Ct.1970).

It is conclusively established in this case that the jurisdiction of the Nueces Court had been invoked by plaintiff for a change of custody of his child, that all interested parties were before that court, that it had exclusive jurisdiction to proceed to final adjudication of the case; and if the proceedings thereafter instituted in the Brazoria Court involved the question of change of custody of the minor child (from that granted by the original divorce decree to Linda Kohls) the judgment rendered by

the Brazoria Court was void because it lacked jurisdiction over that subject matter. Where a court rendering judgment does not have jurisdiction, the judgment is void, and cannot operate as res judicata; it neither binds, bars nor estops anyone. See 34 Tex.Jur.2d, Sec. 467, pages 514–515. The Brazoria judgment does not furnish a basis for sustaining the summary judgment rendered by the Nueces Court in favor of Donald P. Kohls.

■ Strictly aside from other questions, including jurisdiction of the Brazoria Court, it appears in any event that the judgment of the Brazoria Court was not a final judgment and for that reason alone would not support the summary judgment of the Nueces Court. The applicable rule is reiterated in the case of Williams v. Waxahachie Nat. Bank, 51 S.W.2d 1073 (Tex.Civ.App., Waco, 1932, n. w. h.) wherein the Court held:

"A judgment does not become final in the sense that it finally and conclusively determines the rights of the parties until it has reached that stage in judicial procedure when it can neither be set aside nor reversed on appeal. Waples-Platter Grocer Co. v. Texas & P. R. Co., 95 Tex. 486, 68 S.W. 265, 59 L.R.A. 353; Texas Trunk Ry. Co. v. Jackson, 85 Tex. 605, 22 S.W. 1030; Alexander v. Berkman (Tex.Civ.App.) 3 S.W.(2d) 864, par. 1 (writ ref.)."

In this case the record shows that the Brazoria judgment was entered on December 4, 1969, pursuant to hearing held on December 2, 1969. The trial court had control of this judgment until expiration of 30 days from its rendition and could have set it aside during that time. Rule 329b, T.R.C.P. The summary judgment record in this case fails to show that either a motion for new trial or separate notice of appeal was not filed by Linda J. Kohls in the Brazoria case. It thus appears that when the Nueces Court pronounced judgment on December 17, 1969 and entered formal judgment on December 22, 1969, that the

Brazoria judgment was still within the control of that court and could have been set aside by it. See Ex parte Godeke, 163 Tex. 387, 355 S.W.2d 701 (1962). The summary judgment record, therefore, did not authorize use of the Brazoria judgment as a basis for the Nueces summary judgment in favor of plaintiff-appellee.

■ We next consider appellant's contention in substance that there had not been a judicial renouncement by Linda Kohls of all rights to custody of her minor son because of a pleading filed in the Nueces Court on October 8, 1969. The instrument in question (omitting the acknowledgment) reads as follows:

"THE STATE OF TEXAS ⎱
COUNTY OF BRAZORIA ⎰

I, Linda J. Kohls, of Corpus Christi, Nueces County, Texas, do hereby relinquish and release forever to Charles Gambs of Nueces County, Texas, my rights as a parent in and to my minor male child, John Paul Kohls, born of the marriage between myself and Donald P. Kohls; said child being four years of age, being the grandson of the said Charles Gambs, and I the undersigned represent that I am the mother of the said minor male child and that I do hereby relinquish to Charles Gambs all my rights to said child. It being my request and intention to do what is in the best interest of said minor male child and to provide him with a suitable and stable home.

I further appoint Charles Gambs as the guardian of said minor child and appoint the said Charles Gambs the lawful attorney for and in my name, place and stead to have the custody and control of my minor child, John Paul Kohls, and to execute and perform duties, give releases and discharges therefor, to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the course of this guardian-

ship, as fully to all intents and purposes as I might or could do if personally present. I further authorize and empower my said attorney to bring suit if necessary and prosecute to final judgment and to compromise and settle any and all claims arising out of this guardianship with or without suit in any way or manner that he might deem best or advisable. I do hereby specially authorize my attorney, Charles Gambs, to make appointment of attorney by substitution and hereby ratify and confirm all such lawful acts that my said attorney, Charles Gambs, or substitute may do or cause to be done in the premises by virtue hereof.

WITNESS my hand this the 25th day of March, A.D.1969.

/s/ Linda J. Kohls

Linda J. Kohls"

The applicable rules are summarized in 44 Tex.Jur.2d, Parent and Child, § 14, Pages 40–41, as follows:

"§ 14. Agreements as to transfer of custody.

An agreement by parents or a parent to permanently transfer the right to the custody and control of a child is void, for it is contrary to public policy. Parents are subject to obligations that they cannot throw off by any act of their own. Such an agreement is, therefore, not binding as a legal contract, and, having parted with the child under it, the parent or parents may recover custody. This is so though the surrender was made in consideration of a promise by the grantee to leave his property to the child at death. The parental right of custody and control is not a property right in the ordinary sense of that term, and consequently, the right may not be bargained, contracted, or bequeathed by a parent."

The power of attorney in question, a copy of which was filed in the Nueces County suit, did not constitute a judicial renouncement of custodial rights of Linda

Kohls and the contention of Donald P. Kohls to the contrary is not well taken.

In view of the foregoing holdings it is apparent that the case must be reversed and remanded for conventional trial as to all parties. Appellee's position as to the intervenors, Mr. and Mrs. Charles Gambs, grandparents of the minor child, is in substance that they can have no right to assert custodial rights over the child and because of the alleged judicial renouncement of custody by Linda J. Kohls that appellee is entitled to custody as a matter of law. That position is not well taken. We have held that there was no such judicial renouncement by Linda Kohls, and in the situation presented here custody of the minor child as between a natural parent and third parties may be determined by the court on the basis of the best interest of the child. See Richardson v. Althoff, 415 S.W.2d 520 (Tex.Civ.App., Dallas, 1967, n. w. h.) in which the court held in part as follows:

"As a general rule when one parent who has been awarded custody dies or becomes insane and a change in custody becomes necessary, the other parent has a right of custody to his or her own child superior to the right of others, such as an aunt. But the general rule is not applicable when circumstances are present which impel a court in the exercise of its discretion and for the best interest of the child to award custody to someone other than a parent, such as an aunt. For the best interest of the child is then paramount. It is above the right of the parent to have custody. Herrera v. Herrera, 409 S.W.2d 395 (Tex.Sup. 1966); Mumma v. Aguirre, 364 S.W.2d 220 (Tex.Sup.1963); Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787 (1955); Legate v. Legate, 87 Tex. 248, 28 S.W. 281 (1894); Davis v. Sears, 35 S.W.2d 99 (Tex.Comm'n App.1931)."

The trial court erred in rendering summary judgment against the intervenors,

Mr. and Mrs. Charles Gambs as well as against the defendant Linda J. Kohls.

The summary judgment rendered by the trial court in favor of plaintiff-appellee Donald P. Kohls will be reversed and the cause is remanded for new trial.

## ON MOTION FOR REHEARING

NYE, Justice (dissenting).

I respectfully dissent.

I withdraw my concurring and dissenting opinion and substitute the following opinion for the one originally filed.

The appellee has filed in addition to his motion for rehearing, a motion requesting that this Court take judicial knowledge of the proceedings had in Brazoria County, Domestic Relations Court and in Nueces County in Cause No. 103,362 which was appellant's prior application for writ of hapeas corpus. I would grant both motions.

In my original concurring and dissenting opinion I agreed that the case should be remanded to the trial court. This was because the record before us was incomplete. Since then the appellee has attached to his motion for rehearing, certified copies of the record. We can now take judicial knowledge of the second and third suits filed by the appellant.

This is a child custody case. Donald P. Kohls and Linda J. Kohls, were divorced in Brazoria County in March 1969. They had one minor son, 4½ years old. The court awarded custody to the mother. The child was living with the maternal grandparents at the time of the divorce. On the same day of the divorce, the mother attempted to transfer her custodial rights that she had over the child to her parents. She executed an instrument in which she stated that she relinquished and released forever her right as a parent in and to her child to Charles Gambs, the grandfather.[1] Donald P. Kohls, the father, remarried.

On September 30, 1969 the father filed a suit in the Domestic Relations Court of Nueces County (sometimes hereafter referred to as Nueces County Court) for a change of custody of the minor child from the child's mother (his ex-wife) to him. He sought immediate temporary custody and permanent custody of the minor child on final hearing. The date for hearing on the application for temporary custody was set for October 10. On October 8 (an important date) the mother answered the suit. She stated, among other things, that she was at the present time imprisoned in California. She asked the court to change the permanent custody of the child from herself to her parents instead of the father. She attached to her answer, a copy of the notarized instrument [1] relinquishing her parental authority and natural guardianship over the child to Charles Gambs (her father). She gave him her power of attorney. On the same date (October 8) her parents filed a plea of intervention seeking custody of the child. They also attached to their plea, a photocopy of the same instrument [1] which had been signed by the mother. On the same date (October 8) the father filed a motion to cancel the hearing of October 10, for temporary custody. The court in granting the father's motion, stated that because the mother was incarcerated in California and could not be present at the hearing, and because the child was now in fact in the temporary custody of the father, the court was cancelling the hearing on the temporary custody.

On November 5, 1969, the appellant filed a writ of habeas corpus (Cause No. 103,-362) in the Domestic Relations Court of Nueces County, Texas (called hereafter the second suit). On November 26, 1969, the mother filed another application for writ of habeas corpus in Brazoria County, in the same Court of Domestic Relations (sometimes hereafter called Brazoria County Court) that had earlier heard the divorce and which court had originally deter-

1. (Agreement copied in full in majority opinion)

mined the custody of the child. This was the third suit filed by the parties for custody and/or possession of the child.

It is now clear from the record, that the appellant has sought to adjudicate her right to her child in three suits in two different counties during the months of October, November, and December of 1969. The first action brought by the appellee is the subject of this appeal.

In the second suit appellant's application for writ of habeas corpus was dismissed December 1, 1969, by the Nueces County Domestic Relations Court upon the granting of a plea in abatement filed by the appellee. No appeal was taken from this judgment. It is final.

In the third suit in Brazoria County the appellant sought a re-affirming of her custodial rights of the child in her and the physical delivering of the child over to her. The appellee answered the appellant's writ of habeas corpus in Brazoria County: (1) claiming res judicata by virtue of the appellant's writ of habeas corpus action in Nueces County (the second suit); (2) a plea in abatement (because of the first suit); and (3) subject to these pleas he sought custody in himself.

The Brazoria County Domestic Relations Court had jurisdiction to determine the mother's application for writ of habeas corpus. It had potential jurisdiction to render a valid final judgment as to a change of custody. The majority of this Court collaterally attacks this final judgment of the Brazoria County Domestic Relations Court and holds that it is void.

Generally speaking the only grounds on which a judgment can be held for naught in a collateral attack is the absence of one or more of the following elements: a legally organized court; jurisdiction over the subject matter; jurisdiction over the person and power to render the particular relief awarded. 34 Tex.Jur.2d § 269.

It is undisputed that the Brazoria County Domestic Relations Court was a legally organized court. It had jurisdiction over the parties: the appellant who filed the suit; and the appellee who was personally served by citation. The residence of the minor child was in Brazoria County. Additionally, all of the parties appeared in court and announced ready for trial. The Domestic Relations Court sitting in Brazoria County had the power to render the particular relief requested. The only other matter subject to collateral attack is the question concerning the jurisdiction over the subject matter. I would hold that the Domestic Relations Court in Brazoria County had jurisdiction over the subject matter by reason of the conduct of the parties who are now judicially estopped to deny its jurisdiction.

"A party may be guilty of such conduct relating to the matter as to estop himself from asserting the prior active jurisdiction of a court in which a suit is first filed over another court in which a suit is subsequently filed involving the same subject-matter and parties. * * *" V. D. Anderson Co. v. Young, 128 Tex. 631, 101 S. W.2d 798 (1937); Wheeler v. Williams, 158 Tex. 383, 312 S.W.2d 221 at 228 (1958) and the many cases cited therein. Johnson v. Avery, 414 S.W.2d 441 (Tex. Sup.1966). The appellant sought relief from the Brazoria County Domestic Relations Court praying that custody of the minor child be re-affirmed in her. That court in denying the relief she sought, and in dismissing her writ of habeas corpus action, held that she had judicially renounced any and all custodial rights that she might have ever had in the minor child. This judgment has become final. No appeal has been taken by either party.

The court in Anderson stated " * * * In the case at bar both the district courts involved have potential jurisdiction of the subject-matter of this litigation. The real question at issue is which of such courts ought to be allowed to exercise active jurisdiction. * * *" This is not the question in our case. The question here is where a trial court has determined that it

has jurisdiction and proceeds to exercise active jurisdiction, can the losing party collaterally attack the judgment of such court in an appeal from a different court which recognized the active jurisdiction of such other court?

The mother's parents who were intervenors in the Domestic Relations Court of Nueces County were not indispensable parties in the Brazoria County habeas corpus action. In fact they are not even proper parties since they were strangers to the original divorce suit. Article 4039a, V.A.T.S.; Thrash v. Cochran, 360 S.W.2d 587 (Tex.Civ.App.—San Antonio 1962). The pleadings in the Brazoria County court were sufficient to make the custodial determination made by the trial court in its judgment. 20 Tex.Jur.2d § 367, pp. 688–689.

In order for a collateral attack on a prior judgment to be entertained in a subsequent suit, the lack of jurisdiction must affirmatively appear on the face of the judgment or in the record. 34 Tex.Jur.2d § 267, § 268, and § 331. It is also a cardinal principle governing the collateral attacks on judgments that intrinsic evidence to the record may not be considered and the recitations in the judgment control. 34 Tex. Jur.2d 332 and cases cited therein. Although an erroneous exercise of power can be subject to a direct attack, by an appeal, a writ of error, or bill of review, the complaint cannot be raised by a collateral attack on the judgment. Lewright v. Manning, 392 S.W.2d 466 (Tex.Civ.App.—Corpus Christi 1965) and cases cited therein.

Where a party invokes the exercise of the jurisdiction within the court's general powers, he will not be thereafter heard or urged that the court was without jurisdiction to render the judgment so rendered. Moore v. Moore, 430 S.W.2d 247 (Tex. Civ.App—Dallas 1968, n. r. e.).

The record does show that there was pending another case involving the same parties ( i. e., the suit in the Domestic Relations Court of Nueces County). However, where a second suit has been filed in a court with co-ordinate authority, and a plea in abatement has been filed setting out the prior jurisdiction such plea brings into play the exception to the well-known rule; that of giving the court where a suit has first been filed prior right to exercise active jurisdiction. This exception permits the subsequent court to determine whether a party has been guilty of such conduct relating to the subject matter as to estop himself from asserting the prior active jurisdiction in a court in which a suit is first filed over another court in which it is subsequently filed. Should the second court resolve the fact issue favoring its jurisdiction then the second court becomes vested with dominant jurisdiction and the prior action is postponed until a final disposition of the case is had. Lancaster v. Lancaster, 155 Tex. 528, 291 S.W.2d 303 (1956) and Russell v. Taylor, 121 Tex. 450, 49 S.W.2d 733 (1932).

The only court possessing the power to perform the appellate function of reviewing the sufficiency of the evidence heard on the plea in abatement is one of the intermediate appellate courts in Houston (the First or Fourteenth Court of Civil Appeals) which has jurisdiction over the Domestic Relations Court of Brazoria County, Texas. This Corpus Christi Court of Civil Appeals is without power to review the Brazoria County judgment. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926). Since the Brazoria County Court heard evidence and considered the plea in abatement and determined that it had jurisdiction, the Nueces County suit was abated until the judgment in the second suit in Brazoria County is set aside. Since the jurisdictional determination was a factual determination that became final and was never set aside on appeal, the Brazoria County judgment must be given absolute verity. The recitals in the judgment so state and the evidence concerning the trial court's reason for overruling the plea in abatement is not subject to attack on appeal in this Court. Cleveland v. Ward, supra.

**466**

We need not decide whether appellant's written agreement renouncing her right to the child was a binding agreement or not, or even whether the Brazoria Court considered it. This Court cannot look into the evidence that prompted the Brazoria Court to render its judgment, as a basis for setting it aside.

I would hold that judgment rendered by the Brazoria County Court of Domestic Relations determining that the appellant Linda J. Kohls had renounced any and all legal custody she may have ever had over the minor John Paul Kohls was a final judgment as of December 4, 1969, and that the Court of Domestic Relations of Nueces County was correct in determining that this judgment was res judicata as far as the mother was concerned in the Domestic Relations Court of Nueces County as of December 22, 1969. I would affirm the judgment of the Domestic Relations Court of Nueces County, Texas.