Larry Julian BLACKMON, Appellant,

v.

Patricia Louise BLACKMON, Appellee.

No. 16604.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1975.

Rehearing Denied Jan. 29, 1976.

C. D. Keenan, Vern J. Thrower, Houston, for appellant.

EVANS, Justice.

This appeal is from an order of the Court of Domestic Relations granting an "amended" motion of appellee, Patricia Louise Blackmon, to modify conservatorship and to increase child support payments. Under a prior order of the court, appellant, Larry Julian Blackmon, had been designated managing conservator of the parties' minor child and the essential question for our determination here is whether the "amended" motion filed by Patricia Louise Blackmon constituted a new and independent action for modification.

The record reflects considerable confusion in the procedural history of this and related controversies between the parties which, to some extent, has resulted from the docketing of related proceedings under separate trial docket numbers. A brief review of the proceedings involving this appeal, and insofar as pertinent, two other appeals involving the same parties decided this date by separate opinions, may be helpful in understanding the problems presented by this appeal.

The parties were divorced in July 1972, in Cause No. 906,672, and under that decree Mrs. Blackmon was granted custody of the parties' minor child.

On September 17, 1974, Mrs. Blackmon filed a habeas corpus action seeking return of the child to her in accordance with the divorce decree. This action was separately filed as Cause No. 997,102 on the court's docket.

Coincidentally, on that same date, Larry Blackmon instituted a separate action in the same court, as Cause No. 997,045, wherein he sought to modify the custody provisions of the divorce decree.

On October 4, 1974, the court, by docket entry in the habeas corpus action brought by Mrs. Blackmon, ordered the return of the child to her on October 5, 1974. However, no written order was entered as a result of such docket entry until January 3, 1975, as discussed below.

On November 25, 1974, the court entered an order in the action brought by Larry Blackmon to modify custody, which designated him to be the managing conservator of the child. This order made no mention of its earlier docket entry in the habeas corpus action but recited that Patricia Blackmon had failed to enter her appearance in the modification proceedings, though duly and legally served with citation. This order became final and no appeal was taken therefrom.

Subsequently, on January 3, 1975, the court entered its written order in the habeas corpus action which had been brought by Patricia Blackmon, effectuating its docket entry of October 4, 1974, and ordering the return of the child to Patricia Blackmon on October 5, 1974. At the time of the entry of this order the time designated for the return of the child had, of course, long since passed and Larry Blackmon was the designated managing conservator of the child under the court's order of November 25, 1974.

On April 1, 1975, Patricia Blackmon filed another petition for habeas corpus, under a separate docket number as Cause No. 1,020,274, in which she asserted she was entitled to have the child returned to her under the provisions of the initial divorce decree.

On April 4, 1975, the trial court by docket entry in the first habeas corpus action and also by interlineation in its written order entered in that proceeding on January 3, 1975, purported to amend that order so as to require compliance by return of the child that same day. We have in a related ap-

peal this date held that the court's action in this respect was ineffective.

The court also proceeded to hear on April 4, 1975, a plea in abatement filed by Larry Blackmon in the second habeas corpus action wherein he asserted that he had been designated managing conservator of the child by the court's order entered November 25, 1974, and that the issues raised by the second petition for habeas corpus had been adjudicated by that order. The court by order of same date granted this plea and dismissed the proceedings on the basis that it did not have jurisdiction.

After the dismissal of the second habeas corpus action, Patricia Blackmon, on May 12, 1975, filed an "amended" motion to modify conservatorship and to increase child support under the same docket number as the dismissed proceeding. In this motion she asserted that the court had continuing jurisdiction of the action; that she had been the managing conservator since the divorce decree and pursuant to the order entered January 3, 1975; that the order which had been entered on November 25, 1974, designating her former husband, Larry Blackmon, as managing conservator, was in error, and, alternatively, that if the motion was filed within a year of the decree, there was reason to believe that the child's present environment might endanger the physical health or significantly impair the emotional development of the child. This motion was supported by an attached affidavit in compliance with Section 14.08 of the Texas Family Code and pursuant to the provisions of that section, the court entered an order granting leave to file and setting the same for hearing on its trial docket. Citation was issued on the amended motion on May 19, 1975, and service was perfected on appellant, Larry Blackmon, on June 2, 1975.

In the interim, on May 30, 1975, the court by separate orders granted motions filed by Patricia Blackmon under all three docketed causes, and ordered reinstatement on the court's docket of the second habeas corpus proceeding (No. 1,020,274) and confirmation of the court's order resulting from the April 4, 1975, habeas corpus hearing.

Subsequent to the aforementioned proceedings, other motions were presented to and acted upon by the court, but to detail such matters would, in our opinion, only tend to further confuse the issues involved on this appeal.

On July 14, 1975, the trial court proceeded to hear the amended motion filed by Patricia Blackmon to modify conservatorship and support. As a result of this hearing the court on July 22, 1975, entered the order appealed from, designating Patricia Blackmon as managing conservator of the child and increasing the amount of the child support payments to $100.00 "each two (2) weeks." This order was apparently filed in both Causes Nos. 1,020,274 and 906,672, although it does not appear that said causes were ever consolidated.

In his first three points of error appellant, Larry Blackmon, asserts that this order is invalid because Cause No. 1,020,274 had previously been dismissed by an order which had then become final; that the court in that cause was without authority to enter the order because of the pendency of an appeal from an earlier order in the same case affecting the same subject matter; that the court erred in hearing the matters of change of custody and child support because the cause as originally filed was an application for writ of habeas corpus.

In our opinion the disposition of this appeal is determined by the effect to be given the amended motion to modify conservatorship and support. At the time such amended motion was filed there was no action pending on the court's docket as Cause No. 1,020,274, since the habeas corpus proceeding docketed under that same number had previously been dismissed. The filing of the amended motion, although filed under the same docket number as the dismissed action, should, in our opinion, be considered as the institution of a new and independent "suit" within the meaning of

Section 11.01, and related provisions of the Texas Family Code.

After the amended motion was filed and served upon appellant, Larry Blackmon, he filed a plea of privilege and subject thereto, an answer and plea in bar, in which he asserted that the order of dismissal was determinative of all issues involved in the amended motion. No error has been assigned as to the court's action on the plea of privilege and, insofar as the record reflects, all issues raised by the amended motion to modify conservatorship and support were joined by the pleadings and heard by the court. Neither is there presented for our review any question of the sufficiency of the evidence to support the trial court's judgment under Section 14.08(d) of the Texas Family Code.

■ Although the trial court was clearly without authority to enter an order reinstating the habeas corpus proceeding on its active docket, since more than thirty days had elapsed since the entry of the order of dismissal, its order purporting to reinstate such cause had no effect upon the motion for modification earlier filed as a new and independent suit.

■ We hold that neither the order of dismissal of the habeas corpus action nor the prior order of the court entered November 25, 1974, designating appellant as managing conservator, precluded the hearing and determination of the motion to modify conservatorship and support.

■ We further hold that it was not error for the court to proceed with the hearing of the motion to modify conservatorship and support during the pendency of a related appeal from an order dated May 22, 1975, denying appellant's motion to set aside its order dated April 4, 1975, which purported to amend, by interlineation, its earlier order entered January 3, 1975. While the parties were the same, the subject matter of the writ of habeas corpus proceeding was essentially different from that of the subsequent action to modify conservatorship and support. See Sections 14.08 and 14.10, Texas Family Code.

"The instant action, as appellant ably argues, involved the same subject matter, in a sense, as did the previous proceedings; they each involved the custody of the child under the dominant factor of his welfare. But the core of the subject matter inherent in the present action, and the issue in dispute, not only differs from that in the prior action; it is entirely new. It alleges a change of condition requiring, in the child's best interests, a different judgment than that rendered in the original divorce decree. The prior proceedings involved efforts seeking to enforce the provisions of that decree. This action is an independent civil suit having 'for its purpose the changing of the order relating to custody of the minor.'" *Gathright v. Riggs*, 344 S.W.2d 757, 759 (Tex.Civ.App.—Waco, 1961, no writ).

For the reasons given above we overrule appellant's first three points of error.

■ In his fourth and last point of error appellant, Larry Blackmon, asserts that the entry of the order appealed from in Cause No. 906,672, the original divorce proceedings, constituted a violation of his right of due process in that he was not given notice of a trial setting in that cause prior to the date of hearing.

It appears that there were no pleadings filed in Cause No. 906,672 on which the court's order of modification and change of support payments could be based. Nor, as appellant contends, was he given appropriate notice of any setting of such motion for hearing in that cause. It was, therefore, error of the court to enter the order in the proceedings docketed as Cause No. 906,672, but in view of our holding that the order must be affirmed as to Cause No. 1,020,274, we view this as harmless error. Rule 434, Texas Rules of Civil Procedure.

Affirmed.